RICHARD L. BALDWIN *v.* GAIL L. BALDWIN
(7312)

O'CONNELL, STOUGHTON and FOTI, Js.

Argued June 14—decision released August 22, 1989

*Jean S. Ferlazzo,* with whom, on the brief, were *Dianne M. Andersen, Melissa A. Grauel,* and *Lynne Jackson,* law student intern, for the appellant (defendant).

*Jack D. Garamella,* with whom, on the brief, was *Christine M. Ellis,* for the appellee (plaintiff).

FOTI, J. The defendant appeals from the judgment of the court denying her motion to adjudge the plaintiff in contempt. The defendant alleges that the trial court erred in determining that the parties' separation

agreement was ambiguous and in finding that the parties intended that the gain realized by the plaintiff from the exercise of certain stock options did not constitute "income" as contemplated by the parties in that separation agreement.[1] We find no error.

The parties' marriage was dissolved on March 4, 1983, and their separation agreement was incorporated into the judgment. At that time both parties listed as assets on their financial affidavits stock options obtained by the plaintiff as part of an incentive plan at his place of employment. The agreement contained an escalation clause that provided that the plaintiff pay the defendant 15 percent of his gross income from employment over $95,000.[2] The defendant made no claim upon any amounts realized by the plaintiff through the exercise of stock options shown on his financial affidavit on file at the time of the dissolution, but claims that any amount gained from the exercise of stock options acquired through employment after the filing of that financial affidavit is income received as a result of his employment over and above the sum of $95,000. The plaintiff claims that money gained from stock options is not "income" from employment as contemplated by the agreement and, therefore, that the defendant is not entitled to additional monies derived from this source. The trial court found that the lan-

[1] Although no specific reference was made to the stock options in the separation agreement, article 11.5 provided: "The parties are the owners of various stocks, securities and bank accounts. The husband shall be entitled to retain these assets except that the husband shall pay to the wife within two weeks from date the sum of $5000. The wife waives any and all other assets of the husband except as herein set forth."

[2] The separation agreement provided that in addition to paying the defendant $30,000 a year in alimony, the defendant was required to pay to the defendant "a sum equal to fifteen percent of all gross income he receives as a result of his employment over and above the sum of $95,000. The plaintiff will pay to the defendant any sums due and owing to her as a result of this provision as the same become available to him and will not defer payments on a yearly basis."

guage of the separation agreement was ambiguous and concluded that the parties did not intend that stock options be included as income for purposes of the escalation clause.

"The words used by the parties ' "must be accorded their common meaning and usage where they can be sensibly applied to the subject matter of the contract." *Beach* v. *Beach,* 141 Conn. 583, 589, 107 A.2d 629 [1954].' *Sturtevant* v. *Sturtevant,* 146 Conn. 644, 647–48, 153 A.2d 828 [1959]." *Marcus* v. *Marcus,* 175 Conn. 138, 141–42, 394 A.2d 727 (1978). Settlement agreements incorporated into dissolution judgments should be interpreted consistently with accepted contract principles, and when a contract term is ambiguous, the intent of the parties is to be ascertained by a fair and reasonable construction of the written words considering both the circumstances of the execution of the writing and the object of the parties. *Marsico* v. *Marsico,* 195 Conn. 491, 493, 488 A.2d 1248 (1985).

A word is ambiguous when it is capable of being interpreted by reasonably well informed persons in either of two or more senses. *Federal Aviation Administration* v. *Administrator,* 196 Conn. 546, 554, 494 A.2d 564 (1985). "Ambiguous" can be defined as unclear or uncertain, or that which is susceptible of more than one interpretation, or understood in more ways than one. *Lopinto* v. *Haines,* 185 Conn. 527, 538, 441 A.2d 151 (1981).

The separation agreement did not define the term "income." We find that the court did not err in determining that that term was ambiguous and thereby seeking to ascertain the intent of the parties as expressed in the language of the agreement. See *Marcus* v. *Marcus,* supra, 141. The interpretation of the contractual intention of the parties is a question of fact to be determined by the trier of fact. *Bolmer* v. *Kocet,* 6 Conn.

App. 595, 608, 507 A.2d 129 (1986); *Finley* v. *Aetna Life & Casualty Co.,* 5 Conn. App. 394, 408, 499 A.2d 64 (1985), rev'd on other grounds, 202 Conn. 190, 520 A.2d 208 (1987).

In finding that the stock options were not income under the separation agreement, the trial court found the following factors persuasive: (1) the court credited the plaintiff's testimony that the stock options were not to be included as income; (2) the stock options were listed in the financial affidavits as "assets" and not as "income"; and (3) the sums to be paid pursuant to the escalation clause were not deferrable, while stock options were properly deferrable.

On appeal, the defendant attacks the factual findings of the court as clearly erroneous. We will not retry the case. *Pulaski* v. *Ledwith,* 5 Conn. App. 629, 631, 501 A.2d 396 (1985), cert. denied, 198 Conn. 803, 503 A.2d 1186 (1986). Our review of the record fails to disclose that the factual findings of the court were clearly erroneous in view of the evidence, or that the decision was otherwise erroneous in law; Practice Book § 4061; or unsupported by the evidence. *Coles* v. *Coles,* 17 Conn. App. 831, 832, 553 A.2d 1169 (1989).

There is no error.

In this opinion the other judges concurred.