[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff had been a tenured teacher employed by the Watertown Board of Education (Board) as a school counselor until July 17, 1989 when the Board considered termination of his services. The plaintiff then requested a hearing pursuant to Section 10-151 Connecticut General Statutes. The impartial panel, by a 2 to 1 decision, recommended that plaintiff's teaching contract be terminated for the following reasons.
 In summary, it is found that there is a strong argument for retention of Mr. McKee based on the State's requirement of only the certification as a School Counselor (Endorsement 68) to be a Guidance Counselor. However, a CT Page 3736 preponderance of the evidence received as discussed above indicates that it was the clear intent of the parties to the contract to require that a teacher have the same proper certifications to fill a position when bumping as when the position is originally filled. In the instant matter, it is established that it is necessary to hold certifications in Special Education and as a School Counselor to hold the position at issue of Special Education Counselor at the high school. Alexander McKee does not hold Special Education certification.
Termination of contracts of tenured teachers is found in Article XXI, Reduction in Staff, in the collective bargaining agreement between the Board and the Watertown Education Association. Paragraph 2 of that article provides:
 "2. Termination of Tenured Teachers
 Subject to the provisions herein set forth, no tenured teacher shall be terminated as the result of the elimination of his or her position unless, a the time of the contemplated termination, there is no other position in the Watertown School System for which the teacher is certified which is occupied by a teacher with a shorter period of service.
Article III, General Provisions provides that,
 This agreement contains the full and complete agreement between the Board and the Association on all negotiable issues, . . ."
The parties agree that the plaintiff holds a standard certificate as a School Counselor issued by the State of Connecticut Department of Education Certification Unit. As such, he is qualified to perform counseling duties in kindergarten through Grade 12 including special education students.
The plaintiff sought to bump a teacher with less service than plaintiff from a position described as High School Special Education Counselor. The job description for this position CT Page 3737 requires certification as a guidance counselor and in special education. It is this latter, second requirement that the applicant also be certified as a special education teacher that convinced the impartial hearing panel majority to hold that a teacher,
 ". . . have the same proper certifications to fill a position when bumping as when the position is originally filled."
The majority has read something into the contract that is not there. It requires no statutory interpretation to find that the plaintiff is certified to counsel special education students for he is certified to counsel all students. While it may be true that if a vacancy occurs in the future, the additional requirement of certification as a special education teacher may be applied to all applicants, the plaintiff is simply not an applicant. He is a tenured teacher entitled to the protection of the collective bargaining agreement.
That agreement is also clear that he may bump a teacher with a shorter period of service if he is certified for that position. State statute declares that he is certified for the position and the collective bargaining contract does not incorporate job descriptions.
Is the tenured teacher with the longer service certified to perform the other position held by the teacher with a shorter period of service? That is the sole test and the plaintiff passes the text.
 "When the language is clear and unambiguous, however, the contract is to be given effect according to its terms. In such a case, no room exists for construction." Greenburg v. Greenburg, 26 Conn. App. 591, 596 (1992) (citations omitted).
The court's review of the action of the defendant pursuant to Section 10-151 (f) Connecticut General Statutes is to determine if the board acted illegally. It is clear to the court that the impartial hearing panel improperly departed from the plain language of the collective bargaining agreement to improperly search for the contracting parties' intent when the language of the bargaining contract is clear and unambiguous. In adding the job description to the collective bargaining agreement, the panel was legally wrong and the Board's reliance thereon was legally wrong. The appeal is sustained CT Page 3738
The decision of the Board to terminate the plaintiff is reversed and the plaintiff is to be returned to his status quo ante.
HARRIGAN, JUDGE