[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STAY, MOTION TO RECONSIDER, MOTION FOR ORDER, MOTION TO OPEN, CLARIFY, ARTICULATE AND CORRECT AND MOTION FOR ALLOWANCE TO DEFEND APPEAL
There are six motions before the court as follows: Motion to Stay the Decision on Contempt; Motion for Reconsideration filed by the plaintiff; Motion for Order filed by the defendant; Motion to Open, Clarify and Correct filed by the defendant; Motion for Allowance to Defend Appeal filed by the defendant, and Motion for Attorney's Fees filed by the defendant. They will be discussed and decided in the order in which I have listed them.
1. The Motion to Stay is hereby granted and the order of contempt is stayed pending appeal.
2. The Motion to Reconsider filed by the plaintiff of the CT Page 3494 decision denying modification of the original orders is granted in the following respect only:
 a. At page seven of the Memorandum of Decision on the Motion for Modification, the figure $64,074.00 is deleted and $21,358.00 is substituted therefore.
 b. On page eight of the same memorandum, the words "and mortgage" are deleted and the following is added to the memorandum:
 1. In the application for the mortgage, the plaintiff is listed as coborrower, and he responded in the negative to questions on the application with respect to his obligations for alimony and/or child support and his indebtedness for any financial obligation as well as to the question of whether he was a party to a lawsuit. See exhibit B.
 2. It would appear that the plaintiff's credit was considered by the bank in extending the loan for the house in the amount of $278,000.00.
 In all other respects the motion for reconsideration is denied.
3. The defendant's Motion to Revise, Articulate and Correct the decision on modification is granted as follows:
 a. The addition to the memorandum of decision on the motion to modify was intended to apply to both proceedings. In view of the failure of the plaintiff to comply with the court's order for a plan to pay his child support and educational expense obligations, the court awards counsel fees now in the amount of $19,555.25, which the court finds to be reasonable given the amount of time and the high degree of expertise of counsel. Expenses of $151.35 are also awarded to the defendant.
 b. The plaintiff is ordered to pay these amounts to the defendant in installments of $5,000.00 in thirty (30) days and the balance in payments of $5,000.00 each on June 30th and September 30th and the balance then remaining on November 30th, 1993. CT Page 3495
 c. The court finds the arrearage in child support as of June 30th, 1992 to be $40,571.41, see exhibit two, and finds the arrearage in educational expense to be as set forth in exhibit three, $43,855.15. It further finds the arrearage in transportation costs for education to be $1,200.00.
 d. The court further finds that the monthly child support order as of June 30th, 1992 is $2,635.04. It is to be increased every three months by the cost of living formula as set forth in the stipulation, Article 3, subsection 3. See exhibit one.
 e. The plaintiff is ordered to pay $1,000.00 a month on the arrears, $500.00 to be allocated to the child support arrearage and $500.00 to be allocated to the educational and transportation costs arrearage. He is further ordered to continue paying the original court order which is found to be $2,635.04 per month as of June 30th, 1992 but which needs to be increased by the cost of living allowance every three months thereafter.
 e. The original order has not been modified and is still in effect and there is no automatic stay pending appeal.
4. The Motion for an Allowance to Defend the Appeal is denied. The defendant appears to have ample funds according to the evidence at the trial. The plaintiff, on the other hand, has outstanding substantial liabilities for child support, educational costs, disbursements and counsel fees. The court deems it not appropriate to add an additional liability given his present financial situation.
 Counsel for the defendant asked that the court consider the merits of the appeal. While the court may consider her own decision is appropriate given the Greenberg v. Greenberg, 26 Conn. App. 591, (1992) case, should that decision be overruled, then the likelihood of the defendant's prevailing would gain some strength. In the present situation, however, the court does not believe it appropriate to make any judgment as to who would prevail on appeal.
CT Page 3496
It is so ordered.
MARGARET C. DRISCOLL, JUDGE REFEREE