[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO COMPEL AND ENFORCE JUDGMENT RE QDRO POST-JUDGMENT
The plaintiff on the above-entitled matter filed a motion to compel and enforce judgment dated November 8, 2001 and filed with the court on November 28, 2001. The plaintiff and the defendant's marriage was dissolved by decree of the Superior Court on July 8, 1999. Said judgment incorporated terms of a separation agreement entitled "Dissolution of Marriage Agreement," dated and filed with the court on July 8, 1999. Said agreement provided in part in paragraph 9 subparagraph D as follows:
 "D. 401K Plans. Savings Plans. By Qualified Domestic Relations Orders, Annemarie shall be named the Alternate Payee for Fifty-five (55%) Percent of the total market value of Edward's 401K plans at Aetna and at Travelers, valued as of the date of decree after the reduction of the sum of Seventeen thousand ($17,000) Dollars from the Travelers account, together with all investment performance from date of decree to date of rollover distribution to her into an IRA or CT Page 5541 401K-type plant designated by her.
Said subparagraph of the separation agreement was incorporated in the judgment of the court verbatim on page 7 of the judgment file dated July 8, 1999 with the exception of the substitution of the terms of "plaintiff" and "defendant" for "Annemarie" and "Edward".
The plaintiff and the defendant are at odds as to the operative effect of said subparagraph. The plaintiff contends that the sum of $17,000.00 should be deducted from the Traveler's 401K prior to the division of said fund in the amount of 55% to the plaintiff and the remainder to the defendant. The defendant contends that said paragraph requires the parties to first deduct the sum of $17,000.00 from the Traveler's account prior to the division and transfer of 55% to the plaintiff by a QUADRO.
The Court heard testimony of the parties at a contested hearing and further reviewed the transcript of the canvass of the parties at the time of the Court's entry of the judgment dissolving the marriage (Defendant's Exhibit A). The trial court is duty bound to follow the common law precedent in construing the language used by the parties in this case.
When a judgment incorporates a separation agreement in accordance with a stipulation of the parties, it is to be regarded and construed as a contract. Barnard v. Barnard, 214 Conn. 99, 109, 570 A.2d 690 (1990);Zivic v. Zivic, 26 Conn. App. 5, 7, 596 A.2d 475 (1991); Albrecht v.Albrecht, 19 Conn. App. 146, 152, 562 A.2d 528, cert. denied,212 Conn. 813, 565 A.2d 534 (1989); Kolkmeyer v. Kolkmeyer,18 Conn. App. 336, 340, 558 A.2d 253 (1989). Construction of such an agreement is an issue of fact to be resolved by the trial court as the trier of fact.
In giving meaning to the terms of a contract, the court should construe the agreement as a whole, and its relevant provisions are to be considered together. Barnard v. Barnard, supra; 17 Am.Jur.2d, Contracts 258. The contract must be construed to give effect to the intent of the contracting parties. Barnard v. Barnard, supra; Sturman v. Socha,191 Conn. 1, 10, 463 A.2d 527 (1983). "This intent must be determined from the language of the instrument and not from any intention either of the parties may have secretly entertained." Kolkmeyer v. Kolkmeyer, supra quoting Sweeny v. Sweeny, 9 Conn. App. 498, 500-501, 519 A.2d 1237
(1987). "[I]ntent . . . is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." Sturman v.Socha, supra, 10; Marcus v. Marcus, 175 Conn. 138, 141-42, 394 A.2d 727
(1978); Baldwin v. Baldwin, 19 Conn. App. 420, 422, 562 A.2d 581 (1989). CT Page 5542 When the language is clear and unambiguous, however, the contract is to be given effect according to its terms. Barnard v. Barnard, supra, 110. In such a case, no room exists for construction. Gino's Pizzas of EastHartford, Inc. v. Kaplan, 193 Conn. 135, 138, 475 A.2d 305 (1984).
The Court concludes that the language of the judgment incorporating the agreement of the parties concerning the issue at hand is clear and unambiguous. The defendant's contention is inconsistent with the express language utilized by the parties in their separation agreement. The court can only rely on parol evidence as to intention when the language used is ambiguous. Said provision of the separation agreement incorporated into the judgment requires the parties to first deduct the sum of $17,000.00 from the Traveler's account with the plaintiff to receive 55% of the remainder of said account.
The Court hereby orders the parties to prepare the Traveler's Qualified Domestic Relations Order for signature of the Court consistent with this decision.
 ___________________ Devine, J.