******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## HEATHER M. LAFFIN *v.* BRIAN E. LAFFIN
### (AC 47492)

Suarez, Clark and DiPentima, Js.

*Syllabus*

The defendant appealed from the trial court's judgment denying his motion for modification of alimony pursuant to statute (§ 46b-86). He claimed, inter alia, that the court erroneously failed to find that his job loss constituted a substantial change in circumstances warranting a modification of his alimony obligation as set forth in the parties' settlement agreement incorporated into the judgment of dissolution. *Held*:

The trial court properly denied the defendant's motion for modification of alimony, as the separation agreement unambiguously precluded modification of alimony and the court, therefore, lacked authority to grant the motion for modification pursuant to § 46b-86 (a).

This court rejected the defendant's contention that the trial court erred by failing to address his claim that alleged false representations by the plaintiff warranted modification of alimony because, to the extent that the defendant claimed that the plaintiff had fraudulently induced him to enter into the separation agreement, the defendant would be required to raise such a claim by way of a motion to open the judgment, not a motion for modification pursuant to § 46b-86 (a).

Argued February 20—officially released April 8, 2025

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Windham at Putnam, where the court, *Chadwick, J.*, rendered judgment dissolving the marriage and granting certain other relief in accordance with the parties' settlement agreement; thereafter, the court, *Altermatt, J.*, denied the defendant's motion for modification of alimony and rendered judgment thereon, from which the defendant appealed to this court. *Affirmed.*

*Brian E. Laffin*, self-represented, the appellant (defendant).

*Heather M. Bruneau*, self-represented, the appellee (plaintiff).

*Opinion*

CLARK, J. In this postjudgment dissolution matter, the self-represented defendant, Brian E. Laffin, appeals from the judgment of the trial court denying his motion for modification of his obligation to pay periodic alimony to the self-represented plaintiff, Heather M. Laffin, now known as Heather M. Bruneau. On appeal, the defendant claims that the court erred in (1) failing to find that his job loss constituted a substantial change in circumstances warranting a modification of his alimony obligation pursuant to General Statutes § 46b-86 (a),[1] and (2) failing to address his claim that alleged false representations by the plaintiff regarding her financial condition warranted modification of his obligation.[2] We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. The plaintiff and the defendant were married on May 13, 2016. On May 17, 2023, the court, *Chadwick, J.*, entered a judgment of uncontested dissolution, incorporating by reference the terms of a separation agreement, which the parties negotiated with the assistance of a mediator. Section 1 of the separation agreement requires the defendant to pay periodic alimony to the plaintiff for three years and five months in the amount of $3225

---

[1] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support, an order for alimony or support pendente lite or an order requiring either party to maintain life insurance for the other party or a minor child of the parties may, at any time thereafter, be continued, set aside, altered or modified by the court upon a showing of a substantial change in the circumstances of either party . . . . If a court finds that a substantial change in circumstances of either party has occurred, the court shall determine what modification of alimony, if any, is appropriate, considering the criteria set forth in section 46b-82."

[2] The defendant also claims that the court erred in failing to consider certain evidence concerning the financial circumstances of the parties. We need not address this claim in light of our conclusion that the court lacked authority under § 46b-86 (a) to modify alimony.

per month. Section 1 also contains a nonmodifiability provision, which provides that "[s]aid alimony may not be modifiable as to amount, term or cohabitation in accordance with [§ 46b-86 (b)][3] but may terminate sooner should the [plaintiff] remarry. Said alimony shall also terminate if either party were to decease." (Footnote added.) The separation agreement further provides that the agreement "contains the entire understanding of the parties" and that "[t]here are no representations, promises, warranties, covenants or understandings by or between the parties other than those expressly set forth herein." Both parties filed affidavits in support of dissolution in which they averred that the agreement "represents our full agreement on all issues relating to the dissolution of our marriage or legal separation, including . . . alimony . . . ."

On November 14, 2023, the defendant filed a motion for modification of alimony. In support of that motion, the defendant alleged that during the negotiation of the separation agreement, the plaintiff provided false information concerning her financial condition. The defendant asserted that the plaintiff had claimed during the negotiation that her teaching certification was inactive and that she had been unable to obtain employment, when in fact her teaching certification was active and she had declined two job offers. The defendant also asserted that, prior to entering the separation agreement, he had given the plaintiff $25,350 to be used for

---

[3] General Statutes § 46b-86 (b) provides in relevant part: "In an action for divorce, dissolution of marriage, legal separation or annulment brought by a spouse, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other spouse, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party. . . ."

construction projects on a farm that the parties jointly owned and that the plaintiff kept the money for herself without completing the construction projects. The defendant claimed that, if the plaintiff had disclosed that information, "it would have affected mediation negotiations and [his] willingness to sign off on the [separation] agreement" and requested that the court terminate alimony.

On March 12, 2024, the court, *Altermatt, J.*, heard argument on the defendant's motion for modification. The defendant reiterated the claim set forth in his motion regarding the plaintiff's alleged false representations during the negotiation of the separation agreement. In addition, the defendant claimed, for the first time, that he had lost his job after he filed the motion for modification and was unable to pay alimony as a result of his loss of income. Specifically, the defendant claimed that he had relocated to Australia to work for an Australian pharmaceutical company but was terminated shortly thereafter and had been unsuccessful in his attempts to obtain new employment. The defendant argued that his loss of employment constituted a substantial change in circumstances that justified terminating alimony. The plaintiff objected to the defendant's motion, denying that she provided false information during the negotiation of the separation agreement and claiming that, on the basis of the defendant's earnings during the previous two years, he should be able to pay alimony as required by the separation agreement while searching for new employment.

The court denied the defendant's motion for modification on the record. The court stated that, if the defendant filed another motion with additional documentation regarding his financial condition, the court would "look very closely at your earnings at that time . . . . But in the meantime . . . you've got to meet your obligations under the [separation agreement]." The court

noted that, as of the date of the hearing, the defendant owed $9775 in unpaid alimony. The court ordered the defendant to continue paying alimony as required by the separation agreement, plus an additional $1000 per month until the arrearage was satisfied. On the same day, the court entered a written order stating: "The defendant's motion for modification of the alimony provisions of the parties' [May 15, 2023] settlement agreement, which was accepted and entered as an order of this court, is denied. The court finds that the defendant has not made the requisite showing that would warrant such a modification." The nonmodifiability provision of the parties' separation agreement was not raised by the court or the parties.[4]

The defendant filed the present appeal on March 27, 2024. In his appellate brief, the defendant claims that the court erred in denying his motion for modification by failing to find that his job loss constituted a substantial change in circumstances warranting modification of alimony and failing to address his claim regarding the plaintiff's alleged false representations during the negotiation of the separation agreement. On February 11, 2025, this court, sua sponte, ordered the parties to "be prepared to address at oral argument . . . whether the March 12, 2024 judgment denying the defendant's . . . motion for modification can be affirmed in whole or in part on the alternative ground that, under the plain and unambiguous terms of the [separation] agreement, the trial court lacked the authority to modify alimony

---

[4] After filing the present appeal, on August 5, 2024, the defendant filed another motion to modify alimony predicated on his job loss, along with three affidavits and other supporting documentation. The parties appeared for a hearing on the defendant's motion on August 21, 2024. On December 2, 2024, the court, *DeMeola, J.*, denied the defendant's motion on the basis that the nonmodifiability provision of the separation agreement precluded such modification. The defendant did not appeal from the denial of that motion.

pursuant to . . . § 46b-86."[5] During oral argument before this court, the defendant argued that the non-modifiability provision was only intended to ensure that alimony would not be reduced or terminated if the plaintiff were to lease a portion of the farm, which she

[5] "[Our Supreme Court] has held that, when an appellant would not be entitled to a directed judgment upon prevailing on the claim raised on appeal, the reviewing court may raise, sua sponte, an alternative ground for affirmance that would be likely to arise on remand." *State* v. *Henderson*, 312 Conn. 585, 596, 94 A.3d 614 (2014), citing *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 166, 84 A.3d 840 (2014). In the present case, if the defendant were to prevail on his claim that the trial court erred in denying his motion for modification, he would not be entitled to a directed judgment because there are factual determinations that must be made by the trial court prior to ordering a modification of alimony. Specifically, "[w]hen presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the [General Statutes] § 46b-82 criteria, [which governs the determination of whether to award alimony and the duration and amount of the award] make an order for modification." (Internal quotation marks omitted.) *Olson* v. *Mohammadu*, 310 Conn. 665, 673, 81 A.3d 215 (2013). With respect to whether the defendant's job loss would constitute a substantial change in financial circumstances, the defendant would be required to establish that his job loss was "excusable and not brought about by [his] own fault." *Sanchione* v. *Sanchione*, 173 Conn. 397, 407, 378 A.2d 522 (1977). Because these factual issues were not addressed by the trial court, even if we were to agree with the defendant that the court erred in denying his motion for modification, we would be required to remand the case to that court for further proceedings. See, e.g., *Olson* v. *Mohammadu*, supra, 685–86 (where trial court denied motion for modification on improper basis, Supreme Court remanded matter for trial court to "determine whether the defendant established a substantial change in circumstances and, if so, what modification of alimony or child support, if any, is appropriate"). Moreover, given that the defendant's August 5, 2024 motion for modification, which also was predicated on his job loss, was denied on the basis that the separation agreement precludes modification; see footnote 4 of this opinion; it is likely that the issue of the effect of the nonmodifiability provision on the motion at issue in the present appeal would arise during the proceedings on remand. Accordingly, in the interests of judicial economy, we address whether the trial court's judgment may be affirmed on the alternative ground that alimony is nonmodifiable under the separation agreement. See *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, supra, 166.

retained as part of the separation agreement. Specifically, the defendant claimed that the nonmodifiability provision was inserted because the plaintiff wanted the ability to "have a roommate or roommates or rent the farm in some capacity that would enhance her ability to keep the farm and not sell it" and that the provision was not intended to prevent the court from modifying alimony for other reasons. The plaintiff argued that the nonmodifiability provision precludes modification under any circumstance. We conclude that the plain language of the separation agreement unambiguously precludes modification of alimony. Accordingly, we affirm the judgment of the trial court on that alternative ground.

"It is well established that a separation agreement that has been incorporated into a dissolution decree and its resulting judgment must be regarded as a contract and construed in accordance with the general principles governing contracts. . . . When construing a contract, we seek to determine the intent of the parties from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . When only one interpretation of a contract is possible, the court need not look outside the four corners of the contract. . . . Extrinsic evidence is always admissible, however, to explain an ambiguity appearing in the instrument. . . . When the language of a contract is ambiguous, the determination of the parties' intent is a question of fact. . . . When the language is clear and unambiguous, however, the contract must be given effect according to its terms, and the determination

of the parties' intent is a question of law." (Internal quotation marks omitted.) *Nation-Bailey* v. *Bailey*, 316 Conn. 182, 191–92, 112 A.3d 144 (2015).

The question of whether a contract is ambiguous is a question of law over which our review is plenary. See *Amica Mutual Ins. Co.* v. *Welch Enterprises, Inc.*, 114 Conn. App. 290, 294, 970 A.2d 730 (2009). "A contract is unambiguous when its language is clear and conveys a definite and precise intent. . . . The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. . . . Moreover, the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous." (Internal quotation marks omitted.) *Nation-Bailey* v. *Bailey*, supra, 316 Conn. 192.

Section 46b-86 (a) provides in relevant part: "*Unless and to the extent that the decree precludes modification,* any final order for the periodic payment of permanent alimony or support . . . may, at any time thereafter, be continued, set aside, altered or modified by the court upon a showing of a substantial change in the circumstances of either party . . . ." (Emphasis added.) "It is a well settled principle of matrimonial law that courts have the authority under § 46b-86 to preclude the modification of alimony awards." (Internal quotation marks omitted.) *O'Neill* v. *O'Neill*, 209 Conn. App. 165, 180, 268 A.3d 79 (2021). Although "[i]t is well established within our jurisprudence that [p]rovisions which preclude modification of alimony . . . tend to be disfavored . . . [n]onmodification provisions that are clear and unambiguous . . . are enforceable." (Citation omitted; internal quotation marks omitted.) *Eckert* v. *Eckert*, 285 Conn. 687, 693, 941 A.2d 301 (2008). "If an order for periodic alimony is meant to be nonmodifiable, the decree must contain language to that effect. . . . There is no given set of words that must be used

to preclude modification; an order is nonmodifiable if the decree distinctly and unambiguously expresses that it is." (Citation omitted; internal quotation marks omitted.) *Robaczynski* v. *Robaczynski*, 153 Conn. App. 1, 6, 100 A.3d 408 (2014).

In the present case, the separation agreement unambiguously precluded modification of alimony. The non-modifiability provision expressly provides that "alimony may not be modifiable as to amount, term or cohabitation . . . but may terminate sooner should the [plaintiff] remarry" and "shall also terminate if either party were to decease." The meaning of this provision is unambiguous: alimony may not be modified as to amount or term but may be terminated if the plaintiff were to remarry and shall be terminated if either party were to decease. The court, therefore, lacked authority to grant the defendant's motion for modification.

Although the defendant argues that the parties intended only to preclude modification if the plaintiff received additional income from leasing a portion of the farm, it is well established that the intent of the parties to a contract "must be determined from the language of the instrument and not from any intention either of the parties may have secretly entertained." (Internal quotation marks omitted.) *Greenburg* v. *Greenburg*, 26 Conn. App. 591, 596, 602 A.2d 1056 (1992); see also *Celini* v. *Celini*, 115 Conn. App. 371, 378, 973 A.2d 664 (2009) ("[i]t is well settled that we will not import terms into [an] agreement . . . that are not reflected in the contract" (internal quotation marks omitted)). Here, nothing in the separation agreement indicates that the parties intended to limit the otherwise broad language precluding modification of the amount or term of alimony. In fact, in executing the separation agreement, the parties expressly acknowledged that it "contains the entire understanding of the parties" and

that "[t]here are no representations, promises, warranties, covenants or understandings by or between the parties other than those expressly set forth herein." Moreover, both parties filed affidavits affirming that the separation agreement "represents our full agreement on all issues relating to the dissolution of our marriage or legal separation, including . . . alimony . . . ." Thus, we cannot import a more limited construction based on an alleged intention of the parties that does not appear in the language of the agreement.

During oral argument before this court, the defendant also argued that the nonmodifiability provision should not be enforced because doing so would cause him an "extreme financial hardship." The defendant, however, did not provide us with any authority that supports that proposition, and our own research has not uncovered any support for the defendant's position. As this court has recognized, "the mere fact that one party is unhappy with the results that flow from the language they agreed to incorporate into an agreement, *or the court now determines that the agreed upon language is no longer equitable under the circumstance[s] as they have evolved*, is not grounds for the court to rewrite the contract to provide what it determines to be a more equitable outcome." (Emphasis added.) *Simpson* v. *Simpson*, 222 Conn. App. 466, 485, 306 A.3d 477 (2023), cert. granted, 348 Conn. 942, 307 A.3d 909 (2024).

Finally, we reject the defendant's contention that the court erred by failing to address his claim that alleged false representations by the plaintiff warranted modification of alimony. "[I]n determining the threshold inquiry of a substantial change in circumstances, the trial court is limited to considering events arising after the dissolution decree or the most recent modification thereof." *Olson* v. *Mohammadu*, 310 Conn. 665, 675, 81 A.3d 215 (2013); see also *Borkowski* v. *Borkowski*, 228 Conn. 729, 737–38, 638 A.2d 1060 (1994) ("[t]o obtain

a modification, the moving party must demonstrate that circumstances have changed *since the last court order* such that it would be unjust or inequitable to hold either party to it" (emphasis added)). Because the defendant's motion relied on alleged false representations made by the plaintiff prior to the date of dissolution, § 46b-86 (a) does not authorize modification of alimony on that basis. To the extent the defendant claims that the plaintiff fraudulently induced him to enter into the separation agreement, the defendant would be required to raise such a claim by way of a motion to open the judgment, not a motion for modification pursuant to § 46b-86 (a). See, e.g., *Gaary* v. *Gillis*, 162 Conn. App. 251, 252 n.1, 131 A.3d 765 (2016) (noting distinction between motion to modify alimony and motion to open judgment based on fraud); see also *Magowan* v. *Magowan*, 73 Conn. App. 733, 737, 812 A.2d 30 (2002) ("if the [dissolution] judgment conforms to the stipulation it cannot be altered or set aside without the consent of all the parties, unless it is shown that the stipulation was obtained by fraud, accident or mistake" (internal quotation marks omitted)), cert. denied, 262 Conn. 934, 815 A.2d 134 (2003); *Pospisil* v. *Pospisil*, 59 Conn. App. 446, 449–50, 757 A.2d 655 ("a marital judgment based upon a stipulation may be opened if the stipulation, and thus judgment, was obtained by fraud . . . [or] by fraudulent nondisclosure" (citations omitted; internal quotation marks omitted)), cert. denied, 254 Conn. 940, 761 A.2d 762 (2000). Accordingly, we conclude that the trial court properly denied the defendant's motion for modification.

The judgment is affirmed.

In this opinion the other judges concurred.