RICHARD L. ALBRECHT *v.* KATHERINE ALBRECHT
(7119)

DUPONT, C. J., SPALLONE and DALY, Js.

Argued April 4—decision released July 18, 1989

*Richard G. Kent,* for the appellant-appellee (plaintiff).

*Thomas M. Shanley,* for the appellee-appellant (defendant).

DUPONT, C. J. In this dissolution action, the plaintiff appeals and the defendant cross appeals from various orders of the trial court.

The marriage of the parties was dissolved on July 20, 1978, at which time a written separation agreement was approved and incorporated by reference into the decree of dissolution. The provision of the separation agreement to which this appeal relates provided for postmajority support, namely, the college and professional educational expenses of the parties' two children.

According to article 8.2 of the agreement, each party was to pay the cost of the college and professional education of the children in direct proportion to their adjusted gross incomes, as reflected on their income tax returns at the time the expenses were incurred, after deducting the first $25,000 of their incomes. Educational expenses were defined by the agreement to be tuition, room and board, books and fees, reasonable travel allowances and reasonable personal allowances.

At the time of the dissolution, both parties were employed as attorneys in this state. In 1981, the defendant remarried and in 1983 moved to Virginia, where she did not resume employment. In September, 1987, the defendant filed a motion for contempt, claiming that, for 1986 and for 1987 through the date of the contempt motion, she was not required to contribute to the college and professional educational expenses of the children because her adjusted gross income for those years did not exceed $25,000 and that, accordingly, the plaintiff was solely responsible for payment of the expenses. The defendant further claimed that the plaintiff had refused and failed to pay educational expenses of $22,690.15 during those years and that she had paid them. The motion for contempt sought reimbursement from the plaintiff, as well as attorney's fees. At the time of the defendant's motion, both of the parties' children were over the age of majority and enrolled in a college or professional school.

The plaintiff denied that he owed monies to the defendant for educational expenses and raised as a defense the claim that an oral agreement between the parties had been made in 1983 that modified the education provision of the separation agreement and substituted a new formula for calculating the obligations of the parties.

The trial court found that an honest disagreement existed between the parties over their obligations to contribute to the educational expenses of their children and that the plaintiff did not wilfully disregard an order of the court. It, therefore, did not hold the plaintiff in contempt. The court also found that the parties had entered into an oral agreement in 1983 that altered their obligations for the payment of the educational expenses, but that the oral agreement was not effective to modify the provision of the separation agreement regarding education incorporated into the dissolution judgment.

The court concluded that the provision of the separation agreement relating to education remained as an order of the court and that the provision controlled the court's determination of whether any monies were due from the plaintiff. The court found that for the years 1986 and 1987, the defendant's adjusted gross income was less than $25,000 and that, therefore, the plaintiff was solely responsible for the educational expenses incurred during that period. After deducting certain expenses not included in the definition of educational expenses contained in the separation agreement, the plaintiff was ordered to pay the sum of $18,948 to the defendant, payment to be made one year after the date that all college and professional school studies of the parties' children have been completed. The court denied the defendant's request for attorney's fees.

Subsequent to the trial court's ruling on the defendant's motion for contempt, the plaintiff filed a motion to modify the provision of the dissolution decree relating to the college and professional education of the children, claiming that a substantial change in the circumstances of the parties had occurred. The trial court granted the defendant's motion to dismiss the plain-

tiff's motion to modify, on the ground that the court did not have subject matter jurisdiction over a motion to modify an order of postmajority child support.

## I

The plaintiff claims that the trial court erred (1) in failing to consider the alleged oral agreement between the parties as a defense to the defendant's motion for contempt, (2) in failing to consider the earning capacity of the defendant, and (3) in granting the defendant's motion to dismiss the plaintiff's motion to modify.[1] The defendant has cross appealed, claiming that the trial court erred (1) in failing to award her attorney's fees, (2) in delaying the required payment of monies by the plaintiff, and (3) in finding the existence of an oral agreement between the parties. We find error on the cross appeal and no error on the appeal.

The plaintiff's first claim of error is that the trial court erred in failing to consider the 1983 oral agreement as a defense to the defendant's motion to hold the plaintiff in contempt for failure to pay educational expenses. The trial court found that, although there was an oral agreement in 1983, that agreement was ineffective to modify the obligations of the parties under the education provision of the separation agreement executed in 1978 and incorporated by reference in the judgment rendered in 1978.

The separation agreement that was incorporated into the dissolution decree explicitly provided in article 9.1 that any modification of the terms of the agreement was required to be in writing in order to be effective.[2] Agreements between parties regarding the education

[1] Another claim of error, that the court erred in its monetary award to the defendant, encompasses the first two claims of error, and is not, therefore, separately considered.

[2] A provision of a separation agreement precluding modification absent a writing has been interpreted to preclude the parties, but not a court, from modifying such an agreement without a writing. See *Bronson* v. *Bronson,* 1 Conn. App. 337, 471 A.2d 977 (1984).

of children beyond the age of eighteen are required to be in writing. General Statutes § 46b-66; *Arseniadis* v. *Arseniadis,* 2 Conn. App. 239, 244, 477 A.2d 152 (1984). The provisions of the separation agreement became an order of the court when incorporated into the dissolution judgment, and could not be modified by the action of the parties without further order of the court. Decrees in a dissolution action cannot be modified by acts of the parties without further decree or order by the court. *Grobstein* v. *Grobstein,* 14 Conn. Sup. 378, 379 (1946). Thus, although the provision of the separation agreement could be modified by order of the court pursuant to a written agreement of the parties; see *Nelson* v. *Nelson,* 13 Conn. App. 355, 364–65, 536 A.2d 985 (1988); the oral agreement of the parties was ineffective to modify the separation agreement incorporated in the decree of dissolution. The trial court, therefore, did not err in refusing to consider the agreement as a defense to the defendant's motion for contempt.

The plaintiff also claims that the trial court erred in considering only the defendant's actual earnings, rather than her earning capacity in determining the contribution for educational expenses due from the defendant under the terms of the separation agreement. The trial court found that the defendant's adjusted gross income for 1986 and 1987 was less than $25,000 and thus, under the terms of the agreement, the defendant was not liable for any educational expenses incurred during that period. The plaintiff claims that, because the defendant had voluntarily ceased working as an attorney, her earning capacity, rather than her actual income, should be used in determining his required contribution to the education expenses.

The terms of the separation agreement relating to college and professional educational expenses provided in pertinent part that "the husband and wife agree to

be responsible for the payment of the children's college expenses in direct proportion to their respective adjusted gross incomes as reflected on their income tax returns at the time such expenses are incurred and after deducting the first $25,000 from such adjusted gross income."

"A judgment rendered in accordance with the stipulation of the parties is to be construed and regarded as a binding contract. *Caracansi* v. *Caracansi*, 4 Conn. App. 645, 650, 496 A.2d 225, cert. denied, 197 Conn. 805, 499 A.2d 56 (1985). Construction of such an agreement is an issue of fact to be resolved by the trial court as the trier of fact, and subject to our review under the clearly erroneous standard. See *Lavigne* v. *Lavigne*, 3 Conn. App. 423, 427, 488 A.2d 1290 (1985). The construction and interpretation of the agreement necessarily depends upon the intent of the parties as manifested by the language of the agreement. Id., 428." *Mihalyak* v. *Mihalyak*, 11 Conn. App. 610, 616, 529 A.2d 213 (1987).

The terms of the separation agreement regarding the college and professional education of the parties' children provided a precise formula for calculating the amount of the contribution due from each party. The criteria on which such a determination is to be based are the adjusted gross incomes of the parties as reflected on their income tax returns for the period in which the expenses are incurred. There is no mention of the parties' earning capacities, nor could the language of the agreement be interpreted to include a capacity to earn. In fact, the agreement specifically connects the term "adjusted gross income" to the term's meaning for federal income tax purposes. The trial court, therefore, did not err in determining the par-

ties' respective contributions based on their adjusted gross incomes, rather than on their earning capacities.[3]

Finally, the plaintiff claims that the trial court erred in granting the defendant's motion to dismiss the plaintiff's motion to modify the terms of the separation agreement relating to the college and professional education of the parties' children. The trial court concluded that, absent written agreement of the parties to a modification, it did not have jurisdiction to modify provisions for the support of children beyond the age of majority. We agree.

The jurisdiction of the Superior Court to dissolve marriages and to make and enforce support orders as incidental to divorce decrees, derives from statutory authority. *Kennedy* v. *Kennedy,* 177 Conn. 47, 49–50, 411 A.2d 25 (1979). The jurisdiction of the Superior Court to make orders of child support pursuant to General Statutes § 46b-56 extends only to minor children.[4] Prior to the enactment of Public Acts 1977, No. 77-488 § 1, amending General Statutes § 46b-66,[5] the Supe-

---

[3] Where the determination of the parties' financial contributions is not controlled by the provisions of a separation agreement, the court may, in appropriate circumstances rely on the parties' earning capacities. *Miller* v. *Miller,* 181 Conn. 610, 611–12, 436 A.2d 279 (1980); *McKay* v. *McKay,* 174 Conn. 1, 2, 381 A.2d 527 (1977).

[4] General Statutes § 46b-56 provides in pertinent part: "(a) In any controversy before the superior court as to the custody or care of *minor* children, and at any time after the return day of any complaint under section 46b-45, the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction under the provisions of chapter 815o." (Emphasis added.)

[5] General Statutes § 46b-66 provides: "In any case under this chapter where the parties have submitted to the court an agreement concerning the custody, care, education, visitation, maintenance or support of any of their children or concerning alimony or the disposition of property, the court shall inquire into the financial resources and actual needs of the spouses and their respective fitness to have physical custody of or rights of visita-

rior Court lacked the power to enforce postmajority support orders through contempt proceedings, even when the parties had stipulated to such an order. *Kennedy* v. *Kennedy,* supra.

In 1977, General Statutes § 46b-66, governing the incorporation of agreements into decrees of dissolution, was amended to provide that "[i]f the agreement is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree, notwithstanding the provisions of section 1-1d."[6] General Statutes § 46b-66. "The purpose of the amendment was to ensure that a written agreement involving support for adult children and submitted to the court by the parties in connection with an action for a dissolution of marriage could be incorporated into the judgment or orders of the court, thereby making such orders enforceable through contempt proceedings." *Arseniadis* v. *Arseniadis,* supra. Thus, pursuant to § 46b-66, as amended, written agreements for the support of adult children may be incorporated by refer-

tion with any minor child, in order to determine whether the agreement of the spouses is fair and equitable under all the circumstances. If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court. If the court finds the agreement is not fair and equitable, it shall make such orders as to finances and custody as the circumstances require. If the agreement is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree, notwithstanding the provisions of section 1-1d."

[6] General Statutes § 1-1d provides: "Except as otherwise provided by statute, on and after October 1, 1972, the terms 'minor,' 'infant' and 'infancy' shall be deemed to refer to a person under the age of eighteen years and

ence into the dissolution decree or may be the subject of orders of the court and are enforceable through contempt proceedings. Absent, however, a written agreement by the parties, the court does not have jurisdiction to order payment of child support beyond the age of majority and may not enforce such an order. Id., 243.

Agreements for the support of adult children, once incorporated into or made the subject of orders of the court, may be modified by order of the court pursuant to a written agreement of the parties. See *Nelson* v. *Nelson,* supra. The question presented in this appeal is whether the trial court has jurisdiction, pursuant to General Statutes § 46b-86,[7] to modify, without a written agreement of both parties, a postmajority child support order entered pursuant to § 46b-66.[8] We conclude that it does not.

General Statutes § 46b-86 provides that the trial court may modify final orders for payment of alimony

---

any person eighteen years of age or over shall be an adult for all purposes whatsoever and have the same legal capacity, rights, powers, privileges, duties, liabilities and responsibilities as persons heretofore had at twenty-one years of age, and 'age of majority' shall be deemed to be eighteen years."

[7] General Statutes § 46b-86 provides in pertinent part: "(a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. After the date of judgment, modification may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution. By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law."

[8] In *Pickman* v. *Pickman,* 6 Conn. App. 271, 505 A.2d 4 (1986), the defendant sought a deletion of any obligation to pay postmajority expenses, rather than an alteration or modification of such an obligation. The issue, however, was characterized by the parties as one of "modification." In fact,

or support upon a showing of a substantial change in the circumstances of either party. The plaintiff argues that the power granted by § 46b-66 to enforce written agreements concerning postmajority child support includes the power to modify such agreements pursuant to § 46b-86. His argument rests on the proposition that because § 46b-86 (a), governing modifications of alimony, support orders and judgments, states that "any final order" may be modified upon a showing of a substantial change in the circumstances of either party, the statute must permit modification of postmajority child support orders.[9]

The terms of § 46b-86 (a) cannot be expanded to include matters beyond the court's jurisdiction. "Any" does not include all possible or hypothetical orders but only those orders that the court has the power to formulate. The jurisdiction of the Superior Court as it relates to postmajority child support derives solely from § 46b-66. See *Kennedy* v. *Kennedy,* supra. Pursuant to § 46b-66, the court has the limited power to accept, incorporate and enforce a written agreement of child support that extends beyond a child's age of majority. *Arseniadis* v. *Arseniadis,* supra.

Public Acts 1977, No. 77-488, § 1, had the limited purpose of permitting a contract for the support of adult children to be incorporated into a judgment or order

---

the issue to be resolved was whether a provision that the defendant should pay postmajority educational expenses "as he is financially able to" was invalid because of undue influence or equitable considerations. Id., 274–75.

[9] The defendant also argues that because § 46b-86 does not specifically exclude post eighteen years old support, but does exclude assignments of property or estate of the parties to one another or to third parties, the statute must include such support orders. The excluded orders as enumerated in the statute, however, are those which the court would otherwise have had the jurisdiction to modify because it had the power to fashion such orders in the first place.

of the court, thereby making such orders enforceable through contempt proceedings, rather than requiring that such a contract be enforced through a separate contract action. Id., 244–45. The act did not grant the trial court the power to fashion or enforce its own orders concerning postmajority child support. It did grant the court a limited power of veto over the parties' agreement to provide such support, to be exercised only if the agreement were not "fair or equitable."

A parent's obligation to support his or her children exists only until the age of majority. General Statutes § 46b-84. The court cannot, without the consent of both parents, alter a voluntary obligation undertaken by a parent beyond his or her legal obligation. See *Jones* v. *Jones*, 244 Ga. 32, 257 S.E.2d 537 (1979). To accept the plaintiff's contention that the trial court has jurisdiction to modify postmajority child support agreements pursuant to § 46b-86 would be to conclude that the trial court has greater power during a modification proceeding than it had during the original dissolution proceeding. See id. We conclude that the trial court lacked jurisdiction over the plaintiff's motion to modify the provisions of the dissolution decree relating to the college and professional education of the parties' children, and therefore, it did not err in granting the defendant's motion to dismiss.

## II

The defendant claims on cross appeal that the trial court erred in failing to award her attorney's fees. The separation agreement incorporated into the dissolution decree provided: "12.2 In the event that it shall be determined by a court of competent jurisdiction that either party shall have breached any of the agreements herein contained . . . the offending party shall pay to the other party reasonable attorney's fees . . . ."

After finding for the defendant, and ordering the plaintiff to pay to the defendant the sum of $18,948, the court denied the defendant's request for counsel fees. The court denied the request on the grounds that the plaintiff did not act unreasonably in delaying payments to the defendant and, therefore, did not breach the agreement "under the circumstances of this case." The defendant argues that the trial court's finding that the plaintiff owed the defendant the sum of $18,948 pursuant to the agreement was, in and of itself, a finding that the agreement was breached, and that the trial court therefore erred in refusing to award her attorney's fees. We disagree.

"Ordinarily, the trial court must consider the statutory criteria provided in General Statutes §§ 46b-62 and 46b-82 in determining whether to award counsel fees; *Turgeon* v. *Turgeon,* 190 Conn. 269, 280–81, 460 A.2d 1260 (1983); and its discretion in awarding such fees is rarely disturbed. Id., 281." (Footnote omitted.) *Goold* v. *Goold,* 11 Conn. App. 268, 288, 527 A.2d 696, cert. denied, 204 Conn. 810, 528 A.2d 1156 (1987). When, however, the parties have provided for the payment of counsel fees in their separation agreement, the court must rely on the relevant provisions of the separation agreement. Id.

In this case, the parties' separation agreement required that a party found by a court to be in breach of the agreement pay reasonable attorney's fees to the other party. The trial court found that although a reimbursement was owed by the plaintiff to the defendant, the plaintiff was not in breach of the agreement because he had continued to make direct payments to the children during the period in question and because the delay of payments to the defendant was reasonable in light of "the defendant's prior agreements and contributions."

A trial court's construction of a separation agreement is an issue of fact subject to review under the limited standard of whether it is clearly erroneous. *Sweeney* v. *Sweeney,* 9 Conn. App. 498, 501, 519 A.2d 1237 (1987). The action of the trial court will not be disturbed unless it abused its legal discretion in making its determination. Id. We conclude that the trial court did not abuse its discretion in finding that the plaintiff owed monies to the defendant under the terms of the parties' separation agreement, but was not in breach of the agreement in light of the facts of the case and therefore not liable for attorney's fees. See *Goold* v. *Goold,* supra, 288–89.

The defendant also claims that the trial court abused its discretion in ordering that the payment of monies due by the plaintiff to the defendant be delayed until one year after the date all college and professional school studies of the parties' children have been completed. We agree.

The parties' separation agreement provided that they were to be responsible for the payment of the children's college and professional school expenses in direct proportion to their adjusted gross income as reflected on their tax returns at the time such expenses were incurred. The agreement, however, does not provide for any specific time by which payment must be made. The court found that, under the terms of this provision, the plaintiff had failed to make required payments for the years 1986 and 1987 and thus owed the defendant monies. Instead of ordering payment of the monies immediately or within some short or certain period of time, however, the trial court delayed the required payment until some uncertain and potentially distant date in the future.

In determining the obligations of the parties under the separation agreement, the court was required to

rely on the relevant provisions of the agreement and was not free to add its own terms to the agreement. See *Goold* v. *Goold,* supra, 288. Because the parties' separation agreement providing for the payment of educational expenses by the parties does not authorize the delay of payments until one year after the completion date of the children's college and professional education, it was erroneous for the trial court to have grafted such a provision onto the agreement. The sum found by the court to be due was for reimbursement of expenses previously incurred. The defendant is entitled to the sum of $18,948, payment to be made as in any other judgment rendered by a court. Cf. *Bucy* v. *Bucy,* 19 Conn. App. 5, 560 A.2d 483 (1989).

The defendant's final claim is that the trial court erred in finding the existence of an oral agreement between the parties modifying their obligations under the education provisions of the separation agreement. The defendant contends that the trial court's finding of an oral agreement influenced the court's determination that the plaintiff was not in breach of the separation agreement and therefore not liable for attorney's fees.[10]

The trial court found that the parties had entered into an oral agreement in 1983 that altered the parties' obligations under the education provision of their separation agreement, but specifically found that the parties' failure to have the oral modification reduced to writing and approved by the court rendered it ineffective. Although in its memorandum of decision the court mentioned the "prior agreements" of the parties as one factor supporting its determination that the plaintiff was not in breach of the separation agreement and thus not

---

[10] Because we have concluded that the trial court erred in delaying the payment of monies to the defendant, it is unnecessary to consider the defendant's claim that the court's finding of an oral agreement had an impact on its decision to order such a delay.

liable for attorney's fees, the court also enumerated other factors. Thus, even if the trial court erred in finding the existence of an oral agreement, there remains an adequate factual basis for its conclusion that the plaintiff did not breach the separation agreement.

There is no error on the appeal. There is error in part on the cross appeal, the judgment is set aside as to the order delaying payment on the judgment and the case is remanded with direction to render judgments in favor of the defendant in the amount of $18,948.

In this opinion the other judges concurred.