[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT DATED MARCH 17, 1992
On September 16, 1985, a judgment of dissolution was entered in the above matter. Pursuant to the decree of dissolution, the wife was granted custody of the two minor children with reasonable rights of visitation in the husband. The husband was ordered to pay child support to the wife in the amount of $87.50 per week per minor child for a total weekly support payment of $175.00.
The children resided with the wife from September, 1985 through January of 1986. After January of 1986, the children then resided with the husband until November 1st of 1991 at which time the children returned to the wife's residence. The record is clear that there were no modifications by the court of any support orders. What is clear is that during the period of time that the husband had the children the wife did not pay any support nor did he.
On October 15, 1991, the wife filed a motion to modify CT Page 6040 custody. On November 19, 1991, the motion was heard, and at the conclusion of the hearing, the matter was referred to Family Relations. On February 27, 1992, the court, Ballen, J., accepted the Family Relations' report which recommended that the parties share joint custody with primary physical custody with the wife. The court did not address the issue of support.
This court has reviewed that motion, and it is clear that the motion brought before Judge Ballen did not address anything other than the custody of the children. It is clear that only the custody issue was referred to the Family Relations office.
The husband has not paid child support from the period of time that the children were back with the wife from November of 1991 until the date of the hearing at which time it was claimed that there were 25 weeks at $175.00 per week past due but that $250.00 had been paid for a total arrearage of $4,125.00.
What has happened in this case is something that is relatively common place. Perhaps the solution to this problem is in education of clients by their lawyers and the education of pro se parties. Of recent vintage, there has been discussion of what is called a "goodbye letter" to the client by the attorney. It would appear to be a good thing. Clients should understand that orders of the court are orders of the court. This is a not a "do-it-yourself kit," but rather a precise and orderly process of the law. Parties cannot take the law into their own hands and do as they please. They must follow court orders.
Parties should be told that when they have a change in circumstances that they must call their lawyers or come back to the court themselves and do it right. They must understand that, unless the order is modified, it remains an order of the court. This court understands that Mr. Fialko was not represented by counsel at the time, and this has made this case more problemsome.
It is abundantly clear that the old maxim in the law that says "hard cases make bad law" is personified in Goold v. Goold, 11 Conn. App. 268 (1987). In that case the appellate court upheld the decision of the trial court ordering the husband to pay an arrearage of $27,000.00 plus for unpaid child support during a two year period in which the child resided with the husband. The court held that since the decree had not been modified the duty to support remained an order of the court.
Even the husband's attorney concedes that there are a line of cases similar to Goold. The husband asks that this CT Page 6041 court exercise its equitable powers, but it is clear that that would fly in the face of Goold. See also Albrecht v. Albrecht,19 Conn. App. 146, 151 (1989).
It is clear, however, that the husband is not in contempt of a court order. It is clear that he operated on the belief that he was acting fairly when he sought no support and that she should have acted fairly accordingly. Accordingly, this court does not find the husband in contempt.
This court finds that the outstanding orders of child support in the sum of $175.00 per week are in full force and effect until further modified by this court. Accordingly, from November 1, 1991, when the children began residence with their Mom, the husband is ordered to pay child support at the weekly rate of $175.00. The court finds that as of June 19th there were 33 weeks for a total arrearage of $5,775.00. The husband is ordered to begin his payments on June 26 in the sum of $175.00 plus $25.00 per week on the arrearage or a total of $200.00 per week until the arrearage is paid. The arrearage is ordered under the authority of 17-578(b)-5(b). The husband is to receive credit for any payments made toward the arrearage.
The court further orders that within thirty (30) days of this order that the sum of $29.00 for the reimbursement of sheriff's fees be paid.
This court has taken into consideration the provisions of the separation agreement and the provisions of 46b-62, the attorney's fees statute, and finds that the interests of justice and the equities of the situation cause this court to decline to award either party attorney's fees. It is abundantly clear that the parties acted in what they believed was an appropriate course of conduct, and this court finds that neither party defaulted under the agreement.
If the parties disagree as to the number of weeks computed by this court or the payments made by the husband, they are to attempt to work it out themselves first. If they cannot work it out themselves, they are to use the Family Relations office for mediation and for mediation of any disagreements they may have concerning the computations herein. If those avenues of approach fail, they may petition the court for further orders.
EDWARD R. KARAZIN, JR., JUDGE