[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has asked the court to modify the dissolution judgement which awarded the dependency tax exemption to the plaintiff. The defendant asserts that a substantial change of circumstances has occurred that warrants granting the exemption to each of the parties in alternate years.
The parties were divorced pursuant to a judgment entered on February 18, 1993. The judgment incorporated a separation agreement signed by the parties on November 2, 1992. Pursuant to the agreement, the parties were awarded joint custody of the minor child, Jonathan, primary physical custody with the plaintiff wife. The agreement also specified the following: "The wife will claim the minor child as a dependency exemption for income tax purposes. The husband shall execute Federal Form 8332 permanently waiving any entitlement to said exemption, and provide it to the wife concurrent with the execution of this agreement."
On September 16, 1996, the court approved an agreement modifying custody. The agreement provided for a shared physical custody arrangement. Under the agreement, Jonathan will spend alternating weeks with each parent. At the hearing to approve the CT Page 6182 modification, the defendant also asked the court to modify, in light of the changed custody plan, the judgment which allocated the dependency exemption to the plaintiff.
The defendant asserts that the allocation of the dependency exemption was in the nature of a child support order which may be modified upon a showing of a substantial change of circumstances. The plaintiff claims that the court lacks authority to reallocate the exemption because the defendant permanently waived his right to the exemption.
This issue is determined by the terms of the separation agreement entered as orders of the court at the time of the dissolution. The principles of law governing the court's review of that agreement are well known and well settled.
 In the present case, the agreement of the parties was ordered incorporated by reference into the dissolution decree. A judgment rendered in accordance with such a stipulation of the parties is to be regarded and construed as a contract. See Kenworthy v. Kenworthy, 180 Conn. 129, 131, 429 A.2d 837 (1980); Albrecht v. Albrecht, 19 Conn. App. 146, 152, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534
(1989). . . .
 "In interpreting contract items, we have repeatedly stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." Sturman v. Socha, supra, 10; Marcus v. Marcus, supra, 141-42; Sturtevant v. Sturtevant, 146 Conn. 644, 647-48, 153 A.2d 828 (1959). Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms."
Barnard v. Barnard, 214 Conn. 99, 109-110 (1990).
The language of the separation agreement is clear and CT Page 6183 unambiguous. Paragraph 10.7 of the agreement specifically states that "the wife will claim the minor child as a dependency exemption for income tax purposes. The husband shall execute Federal Form 8332 permanently waiving any entitlement to said exemption, and provide it to the wife concurrent with the execution of this agreement." (Emphasis supplied). The parties expressly agreed that the defendant would permanently waive his right to the dependency exemption. The manifest language of the agreement expresses an unambiguous intent to provide the plaintiff with an immutable right to the dependency tax exemption.
This conclusion is buttressed by the fact that the plaintiff was awarded physical custody of the child as part of the separation agreement. Since she had custody, the plaintiff had the right to the dependency exemption without the need for language in the agreement giving her that right. See 26 U.S.C. § 152
(e). The unmistakable purpose of including the paragraph in the separation agreement providing the plaintiff with the dependency tax exemption was to make her right to the exemption permanent and unchangeable.
Because I find that the plaintiff was permanently given the dependency exemption by the separation agreement, I do not reach the issue raised by the defendant that the order awarding the exemption is in the nature of child support and therefore modifiable.
The defendant's motion to modify is denied.
Jon M. Alander, Judge