[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Christopher Miner, brings this motion to reargue[1], claiming that the parties failed to adequately explain the underlying factual situation to the court, resulting in the court's November 2, 1996 judgment that the court lacked jurisdiction to modify post-majority support for the parties' two children without a prior written agreement by the parties.
The "underlying factual situation" the parties failed to explain to the court is that the parties, indeed, had a March 29, 1984 separation agreement providing for the post-majority support of the parties' two children. In its November 2, 1996 memorandum of decision, the court correctly decided that it lacks jurisdiction to modify the parties' agreement regarding post-majority support. The court further finds that the fact that the parties had a separation agreement does not change the correctness of the court's decision.
"General Statutes § 46b-66[2] requires agreements for the modification of post-majority support to be in writing."Hirtle v. Hirtle, 217 Conn. 394, 399, 586 A.2d 578 (1991). Thus, although the parties have a separation agreement that is in writing and was incorporated into the final decree of dissolution, they do not have a written agreement to modify the post-majority support provisions of their separation agreement.
"Although General Statutes § 46b-86 (a) confers authority upon the Superior Court to modify `any final order' for the payment of support, that authority must be read in conjunction with the jurisdictional limitations imposed by § 46b-66. As the Appellate Court held in Albrecht v. Albrecht, [19 Conn. App. 146,155-57], the same jurisdictional rules apply to the CT Page 6858 incorporation of an order for post-majority support in the original dissolution proceedings as to a subsequent order modifying post-majority support. In both cases, § 46b-66requires a written agreement of the parties." (Emphasis added.) Id., 400.
The defendant primarily relies on Barnard v. Barnard,214 Conn. 99, 570 A.2d 690 (1990). In that case, "the issue was whether, as § 46b-86 (a) expressly permits, the parties had effectively precluded any subsequent modification of post majority support by the terms of the separation agreement that had been incorporated into the decree dissolving their marriage. In that context, [the Supreme Court] noted that the post-majority support order could be judicially modified `only if the agreement so incorporated does not preclude modification.'" Id., quoting Barnard v. Barnard, supra,214 Conn. 114. While the separation agreement in the present case does not preclude modification of the provision for post majority support, neither does the agreement specifically provide for such modification.
Therefore, since a written agreement by the parties tomodify is a jurisdictional prerequisite to the valid modification of an order for post majority support and no such written agreement exists between these parties, the court lacks jurisdiction to modify the post-majority support provision. Accordingly, the court's November 2, 1996 decision in which no jurisdiction was found was correct. Therefore, the defendant's motion to reopen the judgment is denied.
D. Michael Hurley Judge Trial referee