[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff moved to modify paragraph 10 of the written stipulation of the parties dated September 28, 1995 and incorporated in the dissolution judgment of October 3, 1995. The defendant argues that the court lacks subject matter jurisdiction to hear the motion because (1) the accounts are not marital assets; (2) the court cannot modify post-majority support without the parties' written agreement.
The court agrees with the defendant that the custodial accounts are not marital assets. The court does not agree that the custodial accounts are in the nature of post-majority child support. The cases cited by the defendant for the proposition that the custodial accounts are post-majority child support are not applicable to the instant case. See Albrecht v. Albrecht,19 Conn. App. 146 (1989) and Hirtle v. Hirtle, 217 Conn. 394 (1991). In those cases there was an agreement regarding continuing support of children beyond the age of majority with regard to college expenses.
Paragraph 10 does not call for any contributions from either party to the custodial accounts either during the children's minority or post-majority. Paragraph 10 simply states in pertinent part as follows: "That the 2 custodial accounts for the children of the parties . . . shall remain in the name of the Defendant as custodian or trustee for the minor children. It is understood that those accounts are to be used for the college CT Page 7118 education of the children. . . ."
For the foregoing reasons, the court finds it has jurisdiction to hear the motion for modification.
SANDRA VILARDI LEHENY, J.