[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S COUNTERCLAIM FOR COUNSEL FEES
In a prior proceeding, the plaintiff sought damages from the defendant for sums she claimed due her under a separation agreement the parties executed in 1985. CT Page 46
This court rendered a decision in favor of the defendant and after a hearing, he seeks counsel fees from the plaintiff. His claim is based on the following language of the separation agreement:
"COUNSEL FEES ON DEFAULT
 Should either party have any claim against the other arising from an alleged breach of this Agreement and should such alleged breach continue for 15 days after written notice of the alleged breach is sent to him or to her, then in any action or proceeding commenced by either party against the other in which a judicial determination is made then the party in whose favor the determination is made shall be entitled to recover from the other party the counsel fees reasonably incurred by such successful party in connection with the action or proceeding."
The plaintiff argues that the quoted language does not give the defendant any right to counsel fees, that he is not a prevailing party, that there is no evidence of the 15 day notice having been given, and finally, it would be inequitable to apply this result against the plaintiff.
 I
The plaintiff cites two cases in support of her first argument that the separation agreement does not give the defendant a right to counsel fees. These cases are Goold v.Goold, 11 Conn. App. 268 (1987) and Albrecht v. Albrecht,19 Conn. App. 146 (1989).
The court finds nothing in these cases to support such a premise. Goold stands for the proposition that where the parties have addressed the issue of counsel fees in an agreement, the court must rely on that agreement in awarding such fees, as opposed to applying the statutory criteria of §§ 46b-62 and46b-82.
In Albrecht, the Appellate Court reiterated its holdings inGoold and upheld the trial court's refusal to award counsel fees on the grounds that there was no breach of the agreement. CT Page 47
Though the clause addressing counsel fees in this case is captioned "Counsel Fees On Default," it goes on to describe its application to "any claim . . . arising from an alleged breach. . . ." The court concludes that pursuant to this clause, the defendant has the right to claim counsel fees.
 II
The court finds no merit to the plaintiff's claim that the defendant is not a "prevailing party" under the terms of the clause dealing with counsel fees.
The plaintiff sued the defendant seeking money damages and the defendant defended on the grounds that he had been forced to overpay under the agreement because of misrepresentations of the plaintiff. The court agreed and found in favor of the defendant, with no damages award to the plaintiff. Obviously, the defendant prevailed.
 III
The plaintiff's argument that the defendant failed to give written notice of the alleged breach is also without merit. First, it was the plaintiff who alleged a breach of the agreement. The defendant was obliged to defend himself. To interpret this clause as requiring the defendant to give written notice to the plaintiff would be the height of the absurd.
This is especially apparent when one considers the evidence elicited at trial to the effect that the defendant was repulsed in his attempts to find out why he was obligated to pay so much. Certainly, his efforts and those of his attorney served to put the plaintiff on notice that he was seeking to identify his legal status and that the claim he eventually asserted in his defense of the action was viable, even if the plaintiff's behavior denied him the opportunity to enunciate it till later.
 IV
In evaluating the equities of the situation, the court cannot agree with the plaintiff's claim that it would be inequitable to grant counsel fees to the defendant. It was the plaintiff who created this problem in the first place and her reluctance and refusal to be candid with the defendant aggravated the problem. CT Page 48 The court is unable to see the equity in having the defendant pay his own counsel fees in a proceeding occasioned by the plaintiff's misdeeds and by her decision to seek from the defendant that to which she was not entitled.
 V A. Counsel fees through completed trial.
The court has heard the parties and examined the bills submitted by counsel for the defendant. The court concludes that the hours listed, work described and hourly rate charged are reasonable and awards to the defendant the amounts set forth in billings as follows:
 Bill of December 23, 1993 $ 960.00 Bill of November 9, 1994 1,010.00 Bill of March 13, 1996 2,475.00 ---------- $4,445.00
 B. Amounts claimed on bill of January 2, 1997.
The defendant also claims counsel fees for two court appearances on December 16, 1996 and January 2, 1997. The plaintiff argues that the defendant was in contempt, but there was no court order outstanding at the time alleged. However, the defendant apparently chose to suspend his alimony payments pending court action on his counterclaim for counsel fees. Thus, though not in contempt, his payments were not made.
The December 16 hearing was occasioned by the plaintiff's motion for clarification, the necessity for which the defendant questions, but the court finds that the plaintiff did raise valid questions as to certain language in the court's decision.
It is therefore the conclusion of the court that the December 16 hearing was required and neither party should be favored with an award of counsel fees against the other as to that occasion.
The January 2 hearing on the contempt and counsel fees presents a different problem. While there was no contempt found, the motion had merit. At the same time, a hearing on the defendant's counterclaim was necessary and this was accomplished on January 2. The court concludes that the fair and equitable CT Page 49 solution to this claim by the defendant would be an award of $315.00.
CONCLUSION
The defendant is awarded the total sum of $4,760 in counsel fees. In the absence of any agreement between the parties, the court sees no obstacle to the defendant collecting this amount via a recoupment against me agreed upon alimony payments, as was done with the overpayment computation.
Anthony V. DeMayo Judge Trial Referee