[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de PLAINTIFF'S MOTION TO VACATE (#126)
A judgment of dissolution was entered by the court on December 30, 1986 at which time the parties' written agreement was incorporated by reference into the decree. On November 5, 1990 the parties appeared before the court to report settlement of the plaintiff's motion for contempt and the defendant's motion for modification. The terms were read into the record. The court then canvassed each party. Satisfied that both parties understood the terms the court then approved it, quoting from the transcript. CT Page 11109
 "The Court: I will approve the agreement as counsel have read it into the record and I will enter it as an order. I am going to ask that counsel obtain a transcript of the agreement so it will be placed in the file in the event that anything comes up on it in the future. And I have the appropriate financial affidavits."
The court did not receive a written agreement. Did directing that counsel obtain a transcript so it will be placed in the file satisfy the statutory provision
"If the agreement is in writing. . . ."
found in § 46b-66.
The agreement that the court accepted provided
 ". . . for the care, education, maintenance or support of a child beyond the age of eighteen, . . .".
The agreement of the parties reported to the court terminated child support when each child graduates from high school. The plaintiff stated she understood the agreement being presented that the father's obligation for support to age 23 was reduced to when the children each graduated from high school.
The imposition of post high school support beyond the limits of § 46b-84 (b) must be assumed voluntarily. Hence, the provision for an agreement in writing since the post majority support thereby becomes enforceable by contempt, Arseniadis v.Arseniadis, 2 Conn. pp. 239, 244 (1984). It is the imposition of the obligation that must be in writing to furnish the court the subject matter jurisdiction.
The obligation, once imposed, cannot be shed without a written agreement, Hirtle v. Hirtle, 217 Conn. 394, 400 (1991). The court has no jurisdiction to modify a post majority child support order entered pursuant to § 46b-66 absent a written agreement of both parties, Albrecht v. Albrecht,19 Conn. App. 146, 155 (1989).
The 1990 action by the court was without jurisdiction over the post eighteen education expenses. CT Page 11110
The motion is granted.
HARRIGAN, J.