[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO REARGUE AND TOSET ASIDE ORDER (#129)
On September 18, 1997, the plaintiff filed a motion to vacate orders of the court entered on November 5, 1990 on the basis that "[s]aid orders were entered without subject matter jurisdiction." Specifically, the plaintiff sought to vacate order modifying post-majority child support obligations of the defendant. On October 6, 1997, this court granted the motion to vacate. See Memorandum of Decision (#128).
Thereafter, the defendant filed a motion to reargue and to set aside the October 6, 1997 order. The motion to reargue has been granted and the parties have been given an opportunity to brief the legal issue. Currently before the court is the motion to set aside.
The sole issue presented by the present case is whether, on November 5, 1990, the trial court had subject matter jurisdiction to render an order modifying post-majority child support without an agreement of the parties in writing.
"The jurisdiction of the Superior Court as it relates to post-majority child support derives solely from [General Statutes § ] 46b-66." Albrecht v. Albrecht, 19 Conn. App. 146, 156,562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 537 (1989).
General Statutes § 46b-66 states, in relevant part: "If [an agreement concerning the custody, care, education, visitation, maintenance or support of any of their children] is in writing and provides for the care, education, maintenance or CT Page 13364 support of a child beyond the age of eighteen, it may . . . be incorporated or otherwise made a part of [the court's] order and shall be enforceable to the same extent as any other provision of such order or decree, notwithstanding the provision of such order or decree, notwithstanding the provisions of section 1-1d."
In Hirtle v. Hirtle, 217 Conn. 394, 400, 586 A.2d 578 (1991), the Supreme Court held that "the same jurisdictional rules apply to the incorporation of an order for post-majority support in the original dissolution proceedings as to a subsequent order modifying post-majority support. In both cases, "General Statutes § ]46b-66 requires a written agreement of the parties . . . . A written agreement is a jurisdictional prerequisite to the valid modification of an order for post-majority support."
In the present case, the record of the November 5, 1990 proceeding indicates that no written agreement was ever presented to the court regarding post-majority support. The court was therefore without subject matter jurisdiction to modify same.
The court notes that the defendant argues that the doctrine of waiver and estoppel precludes the plaintiff from seeking a finding that the November 1990 order was invalid. "Accordingly," the defendant argues, "the stipulation entered into by the parties in November 1990 is completely valid and effective."
"[General Statutes § 46b-66], had the limited purpose of permitting a contract for the support of adult children to be incorporated into a judgment or order of the court, thereby making such orders enforceable through contempt proceedings, rather than requiring that such a contract be enforced through a separate contract action." Albrecht v. Albrecht, supra,19 Conn. App. 156-57 (1989).
In the present case, the court need not reach the issues of waiver and estoppel. The court's decision to vacate the November 1990 order has no effect on any agreement made by the parties. The court now is merely remedying an earlier error made when a court without jurisdiction entered an agreement as a court order. The effect of today's decision is merely that the court will be unable to enforce the 1990 order in a contempt proceeding. The parties were free, however, to enter into whatever agreement they saw fit, and applicable contract principles govern.
The motion to set aside is denied. The order of the court, CT Page 13365 dated October 6, 1997, remains in effect.
HARRIGAN, J.