[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Having reviewed the evidence in this case, as well as the relevant authorities, including Conn. Gen. Stat. Secs. 46b-81, 46b-82, and 46b-84, the court makes the findings and enters the orders hereinafter declared for the resolution of this dissolution proceeding.
I. FINDINGS
Betty J. Cox and William W. Bowe entered into marriage on September 30, 1978 in West Haven, Connecticut. They have lived continuously in Connecticut. The parties have two issue, namely; Rebecca Bowe, born on December 22, 1981, and William Bowe, born on November 5, 1983. Rebecca has obtained the age of majority. In less than a month minor William will celebrate his seventeenth birthday.
Plaintiff Betty Bowe is 47 years of age. She has completed one semester of college credits. Prior to the birth of their first child, the plaintiff was employed as an Engineer Clerk in the Engineering Department of the City of West Haven. Presently she works as a pre-school teacher at two day care centers, namely; the Sun Catchers, and the North Guilford Nursery School. Defendant William Bowe is 51 years of age. He attended but did not complete his studies at Gateway Community College. The defendant is a finish carpenter with Chapel Construction Company. The CT Page 12714 defendant's earning capacity presently is higher than that of the plaintiff. Both parties are in good health.
The parties are to be credited equally for the creation of a marital estate and for providing a supportive home for their two children. The parties purchased, improved and sold two houses in the city of West Haven prior to the acquisition of their present house which the defendant himself constructed at 90 Elm Street in Guilford, Connecticut. They moved into this house in 1988. However, tension in their relationship developed to the point of requiring separation. In April of this year, the plaintiff vacated the marital premises at 90 Elm Street, and took a rental a short distance away.
The marriage of the parties has broken down irretrievably. At one stage of their testimony each party admitted to being fifty percent responsible for the breakdown of the marriage. However, after plaintiff Betty Bowe's later discovery of the defendant's internet usage, she modified her position and testified that the defendant was substantially responsible for the disentergration of the the marriage. The court finds that each party contributed substantially equally to the breakdown of the marriage.
II. DISSOLUTION OF MARRIAGE
Inasmuch as the marriage has broken down irretrievably, the marriage hereby is dissolved. Each party is now single and unmarried.
III. CUSTODY, VISITATION AND CHILD SUPPORT
 A. Custody and Visitation
On April 6, 2000 the court approved a pendente lite agreement of the parties with respect to the custody and visitation of minor William Bowe. By court approval the terms of the agreement embraced joint legal and physical custody and set out a schedule whereby minor William would alternate weekend visitation, and have certain consecutive night visitation with each parent. The approved agreement states in part that "[t]he intent is to alternate so that neither parent is without visitation for three consecutive days." The court finds that minor William has continued to reside at 90 Elm Street with his father and that he has spent relatively little time with his mother. Minor William is adjusting well to his parents' separation.
The court allowed an examination of minor William on the issue of custody. The examination took place in court in the presence of the parties, their counsel, and in the presence of his guardian ad litem who commenced the examination. Minor William testified that his preference is CT Page 12715 to live with his father, and to visit with his mother on a non-structured basis. The court has heard the positions of the parties with respect to custody and visitation.
The court finds that it is in minor Williams' best interest that his parents have joint legal custody, that he reside with his father, and that he have extensive visitation with his mother. The court hereby awards joint legal custody of minor William to the parties, and awards to plaintiff Betty J. Bowe rights of liberal visitation. These rights include the right to have minor William spend alternate weekends (Friday evening until Monday morning) at her residence.
B. Child Support
In accordance with the child support guidelines, plaintiff Betty Bowe shall pay to defendant William Bowe $94.00 per week as support for minor William, commencing one week from the issuance of this judgment. In addition, she shall be responsible for 42.5 per cent of his unreimbursed and/or uninsured medical expenses. This child support order is not retroactive.
IV. FINANCIAL ORDERS
 A. ASSETS
 1. Premises at 90 Elm Street, Guilford, Connecticut
Defendant William Bowe shall have exclusive possession of the martial premises known as 90 Elm Street, Guilford, Connecticut. He shall provide to plaintiff Betty J. Bowe a promissory note in the amount of seventy thousand dollars ($70,000), without interest. In addition, he shall provide to her a mortgage on said premises as security for the note. Said note shall be due and payable on or before June 15, 2001.
If the note is not paid in full on or before said date, the parties shall cooperate in immediately thereafter placing the premises on the market for sale. The funds from the sale of the premises shall be distributed in the following priority: 1) payment of the first mortgage; 2) payment of the line of credit; 3) payment of customary closing costs; 4) payment of the $70,000 note to plaintiff Betty Bowe, 4) payment of the remainder to defendant William Bowe; provided, if he has not paid $3,250 to the plaintiff as a contribution to the payment of her counsel fees, as required by Part IV-F hereof, said amount shall be deducted from the defendant's share of closing proceeds and tendered to the plaintiff.
Defendant William Bowe shall not further encumber the subject premises CT Page 12716 by further use of the line of credit, nor shall he further mortgage, or permit said premises to be encumbered by any of his creditors. Nevertheless, if defendant William Bowe wishes to use the equity in the premises to assist him in paying the $70,000 note to the plaintiff he may do so, after providing her with at least twenty days advance written notice. In that event, the plaintiff shall cooperate by signing appropriate documents, provided she is guaranteed at the closing that the proposed arrangement will result in the payment of the $70,000 note.
2. Connecticut Carpenter's Pension Fund and Supplemental Annuity Plan
Plaintiff Betty J. Bowe hereby is awarded a one-half interest in defendant William Bowe's Connecticut Carpenter's Pension Fund.
3. Connecticut Supplemental Pension Annuity Plan
Plaintiff Betty J. Bowe hereby is awarded a one-half interest in defendant William Bowe's Carpenters Supplemental Pension Annuity Plan, valued as of the date of this judgment of dissolution.
4. IRA at Prudential
From the IRA account at Prudential defendant William Bowe shall transfer $17,500 to the plaintiff. The balance remaining after the transfer shall belong solely to him.
5. Funds at the Southern New England Federal Credit Union
The defendant shall transfer $10,000 to the plaintiff from the funds at the Southern New England Federal Credit Union. The balance remaining after the transfer shall belong solely to him.
6. Cash value in Policy insuring the Defendant's Life
Defendant William Bowe shall have sole ownership of the cash value in his life insurance policy. The cash value is approximately $2,600.
7. Assignment of SBC Stock
The court hereby assigns the entirety of the SBC shares of stock to plaintiff Betty Bowe.
8. Savings Bonds
The Court awards the $350.00 in savings bonds to plaintiff Betty Bowe.
CT Page 12717 9. Automobiles
The court awards the 1989 Dodge Dakota solely to defendant William Bowe. The court awards the 1994 Toyota Camry solely to plaintiff Betty Bowe.
10. Other Personalty
A. Personalty Item at 90 Elm Street, Guilford
Defendant William Bowe shall have all of the items of personalty situated at 90 Elm Street, in Guilford, Connecticut, except as follows: the court awards to the plaintiff her father's lathe, and a tool box complete with a sample of tools. In addition, the court orders the defendant to provide to the plaintiff a copy of photographs and of the videotapes of their children. The copy of the photographs and videotapes shall be provided within sixty days from the date of this judgment.
B. LIABILITIES
 1. Line of Credit secured on Premises at 90 Elm Street
Defendant William Bowe shall make no further withdrawals from the line of credit secured on the premises at 90 Elm Street, Guilford, Connecticut.
2. LL Bean Visa
Defendant William Bowe solely shall be responsible for paying the LL Bean Visa account.
3. Master Card, Miscellaneous Cards
Plaintiff Betty Bowe solely shall be responsible for the Master Card and miscellaneous cards referred to on her financial affidavit.
C. COBRA
Pursuant to Conn. Gen. Stat. Sec. 38a-538, and the Consolidated Omnibus Budget Reconciliation Act of 1985 (P.L. 99-272) as amended, plaintiff Betty Bowe is entitled to avail herself at her own expense of the Cobra benefits provided by the defendant's employer.
D. ALIMONY
Commencing one week from the date of issuance of this judgment defendant William Bowe shall pay to plaintiff Betty Bowe periodic alimony in the amount of $175.00 per week until she receives the $70,000 referred CT Page 12718 to in Part IV-A of this decision.[1] Commencing the week after the payment of the $70,000 note, the defendant shall pay period alimony in the amount of $50.00 per week for a period of five (5) years. The periodic alimony ordered herein is rehabilitative in that it is designed to provide her with some level of financial support for employment skill enhancement.
E. ATTORNEY'S FEES FOR CHILD'S COUNSEL
Plaintiff Betty Bowe shall contribute 43 per cent and defendant William Bowe shall contribute 47 per cent to the payment of the reasonable fees of counsel for minor William.
F. COUNSEL FEES
Defendant William Bowe shall contributed $3,250 toward the payment of the plaintiff's counsel fees.
G. CONTINGENT WAGE GARNISHMENTS
The orders for the payment of periodic alimony and for child support are subject to contingent wage garnishments. The parties shall execute the appropriate documents therefor within fourteen days hereof.
V. OTHER ORDERS
 A. Safeguarding Computer Usage
During the trial the plaintiff produced evidence showing that minor William had obtained access to improper material via the internet through the use of a computer at his father's residence. The plaintiff also indicated that she wishes to have minor William have access to a computer for his school work, and that she may have one available to him at her residence. During the trial the court heard testimony from a plaintiffs' expert concerning parental computer controls and suggested to the parties that they submit proposals for safeguarding minor William from inappropriate material available on the internet. Accordingly, the court issues the following order:
 Any computer which either party wishes minor William to use shall be situated in a public area of his of her residence, such as a family or livingroom. The computer shall be used only under parental supervision. There shall be a LOGON PASSWORD which only the parent shall have and use to turn on the computer. Furthermore, the parent who allows minor CT Page 12719 William to use a computer shall employ updated and appropriate computer parental controls, such as Cyber Patrol or AOL Parental Control.
 B. Payment of College Expenses
On August 1, 2000 defendant William Bowe filed with the court a statement, signed by him, stating that "[c]ommensurate with his financial ability at the time [he] will be responsible for all of the college related expenses for each of the children until each reaches the age of 23 or graduates from college, whichever date shall first occur." The defendant proposes this financial commitment upon the condition that the court not enter an order requiring him to pay alimony. The defendant argues that this conditional commitment to post-majority support is sanctioned by Conn. Gen. Stat. Sec. 46b-66. The plaintiff opposes the defendant's offer and claims that it is without legal foundation. The court agrees with the plaintiff's position on this issue.
By its plain language Conn. Gen. Stat. Sec. 46b-66 entitles the court to accept and to enter as a court order an agreement of the parties which provides for the post-age eighteen support of their issue. Although the defendant's proposed financial commitment for college expenses falls within this category of post-age-eighteen support, his proposed commitment is not an agreement of the parties as contemplated by the statute, for the reasons that the plaintiff has not signed the commitment and that she strenuously opposes its submission to the court. The statutory term "agreement" connotes consent (namely, a bi-lateral understanding) to the terms of the commitment. Furthermore, the terms of any such agreement would require consent for its submission to the court. Albrecht v. Albrecht, 19 Conn. App. 146, 154 (1989).
Accordingly, the court declines and has no power to accept the defendant's proposal for the payment of college expenses. of course, payment of college expenses is an admirable parental undertaking, and may be done on a voluntary basis, with no off-set as to alimony.
Clarance J. Jones, Judge