[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION FOR CONTEMPT (#148)
The plaintiff seeks to have the defendant held in contempt for his failing to pay his share of their child's unreimbursed medical expenses. The motion is granted.
The plaintiffs motion for contempt is based on Article VI of the parties' separation agreement. At the time the parties' marriage was dissolved on December 17, 1999, the court, Cutsumpas, J., incorporated the agreement into the judgment. Article VI provides as follows:
 6.1 The Husband shall maintain health insurance and Dental Insurance presently in effect through his employment for the benefit of the minor child.
 6.2 The parties shall be equally responsible for any unreimbursed expenses incurred on behalf of the child not covered by the medical dental and hospitalization insurance referred to Article 6.1.
At the time to the dissolution, the unreimbursed medical expenses were over $5,000.00. Since the dissolution, an additional $88.00 of unreimbursed expenses were incurred. Based on the plaintiffs testimony, the defendant's fifty percent share of the expenses is $2,000.00.
The defendant claims that Article VI only operates prospectively and that since the court did not find an arrearage at the time of the dissolution he can only be held responsible for the $88.00 bill incurred after the date of the dissolution.
The agreement" "was ordered incorporated . . . into the dissolution decree. A judgment rendered in accordance with such a stipulation of the parties is to be regarded and construed as a contract. See Kenworthy v.Kenworthy, 180 Conn. 129, 131, 429 A.2d 837 (1980); Albrecht v.Albrecht, 19 Conn. App. 146, 152, 562 A.2d 528, cert. denied,212 Conn. 813, 565 A.2d 534 (1989). . . ." A contract must be construed to effectuate the intent of the parties, which is determined from the CT Page 2767 language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. . . . Lawson v. Whitey's FrameShop, 241 Conn. 678, 686, 697 A.2d 1137 (1997). Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . Levine v. Massey,232 Conn. 272, 277, 654 A.2d 737 (1995)." Issler v. Issler, 250 Conn. 226,234, 737 A.2d 383 (1999).
The parties did not express an intent to limit the scope of Article VI. The agreement covers "any unreimbursed expenses." Accordingly, the defendant is found in contempt for his failing to pay $2,000.00 toward the unreimbursed expenses. The plaintiff is awarded $500.00 toward her counsel fees that were incurred in connection with the motion for contempt. The defendant is ordered to pay the plaintiff $25.00 per week until the $2,000 that he owes for unreimbursed medical expenses is paid in full. He is to pay the $500.00 toward counsel fees within 90 days.
THIM, J.