SHIRLEY ZIVIC *v.* FREDERICK J. ZIVIC
(9615)

SPALLONE, FOTI and CRETELLA, Js.

Argued June 5—decision released September 24, 1991

*George A. Silvestri,* with whom, on the brief, was *Edward J. Daly, Jr.,* for the appellant (defendant).

*Neil A. McPhail,* with whom, on the brief, was *Aaron L. Gersten,* for the appellee (plaintiff).

SPALLONE, J. This is an appeal from the decision of the trial court denying the defendant's postjudgment motion to compel.

The parties' marriage was dissolved on November 22, 1976. The judgment of dissolution incorporated a stipulation of the parties that contained the following provision: "There's a lien of approximately a quarter of a million dollars against the wife's property located on Gunn Mill Road in Bloomfield. When that lien is released by the Charter Oak Bank then and in that event the wife will quitclaim all of her right title and interest in and to her undivided half interest in real estate in St. Thomas, Virgin Islands. Husband will further agree that any interest he owns in real estate located in Simsbury, Canton and the Virgin Islands will first be exhausted to pay that Charter Oak lien before the Charter Oak Bank commences any action against the wife's property."

The defendant's interest in the Canton and Simsbury properties was exhausted in bankruptcy. The defendant paid all but $40,000 of the $250,000 Charter Oak Bank lien against the plaintiff's Gunn Mill Road property. The Charter Oak Bank subsequently received a judg-

ment against the plaintiff for the remaining $40,000 and the plaintiff sold the Gunn Mill Road property to extinguish that judgment.

On May 31, 1989, the trial court, *Steinberg, J.,* ordered the defendant to reimburse the plaintiff the $40,000. On August 24, 1989, the defendant filed a motion entitled, motion to compel and for contempt and modification, requesting the court to order one or more of the following: (1) compel the plaintiff to furnish the defendant with authority to sell the St. Thomas property with whatever safeguards were necessary to ensure that the plaintiff would be paid $40,000 from the proceeds of the sale; (2) find the plaintiff in contempt for refusing to furnish the defendant with the aforementioned authority; and (3) modify the judgment to require the $40,000 due to be paid six months after the plaintiff furnished the aforementioned authority.

On August 22, 1990, the plaintiff filed a motion for contempt for the defendant's failure to obey the court's May 31, 1989 order that the defendant pay the $40,000. On October 2, 1990, the court found the defendant in contempt for failing to make that payment.

On October 9, 1990, the trial court denied the defendant's motion to compel and, in response to a motion by the defendant, stayed its enforcement of the plaintiff's motion for contempt pending this appeal. The defendant claims that the trial court improperly interpreted the judgment of dissolution in denying his motion to compel. He also claims that the court improperly found him in contempt.

"A judgment rendered in accordance with a stipulation of the parties is to be regarded and construed as a contract. See *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131, 429 A.2d 837 (1980); *Albrecht* v. *Albrecht,* 19 Conn. App. 146, 152, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989). The construction of

such an agreement by the trial court is subject to our review under the clearly erroneous standard. *Albrecht* v. *Albrecht,* supra; see *Lavigne* v. *Lavigne,* 3 Conn. App. 423, 427, 488 A.2d 1290 (1985)." *Barnard* v. *Barnard,* 214 Conn. 99, 109, 570 A.2d 690 (1990).

The trial court construed the language of the original dissolution decree to require, as a condition precedent to the plaintiff's obligation to quitclaim her one-half interest in the St. Thomas property, that the defendant pay the Charter Oak lien before the bank took any action against the Gunn Mill Road property.[1]

The defendant asserts that this provision of the dissolution decree should have been construed to mean only that the husband's interest in the Simsbury, Canton and Virgin Islands properties must have been extinguished before the Charter Oak Bank took any action against the wife's property and, because his interest in the Simsbury and Canton properties had been extinguished in bankruptcy, the language of the decree has been satisfied. As to the St. Thomas property, the husband asserts that he cannot sell that property under Virgin Islands law without the written consent of the plaintiff. According to the defendant, the refusal of the plaintiff to consent prevented the defendant's compliance with the order to pay the plaintiff.

The defendant concedes that it would be unreasonable to construe the judgment as permitting him simply to alienate his interest in the Simsbury, Canton and

---

[1] In its oral memorandum of decision, the trial court stated: "I find that the wife's requirement to quitclaim her right, title and interest in the St. Thomas Virgin Islands property was conditioned upon [the] husband's exhausting his interest in Simsbury, Canton and the Virgin Islands to pay the Charter Oak lien, which he did not do, and that [the] Charter Oak lien must have been paid before the Charter Oak Bank commenced any action against the wife's property, which the husband did not do . . . ."

St. Thomas properties with no corresponding obligation to pay the Charter Oak Bank lien. The trial court's construction of this judgment provision gives reasonable meaning to the terms of the judgment by providing that the defendant had not only to extinguish his interest in the Simsbury and Canton properties, but to "pay that Charter Oak lien before the Charter Oak Bank commences any action against the wife's property."

A condition precedent is a fact or event that must exist or take place before there is a right to performance. *Lach* v. *Cahill,* 138 Conn. 418, 421, 85 A.2d 481 (1951); *McIsaac* v. *Hale,* 104 Conn. 374, 379, 132 A. 916 (1926). The nonoccurrence of such a condition pends the obligor's duty to perform on the ground that it is not due as long as the condition has not occurred. E. Farnsworth, Contracts § 8.3. The defendant failed to perform his obligation under the judgment. Until he performs his obligation, he cannot expect performance by the plaintiff, whose duty to act arises only upon the fulfillment by the defendant of his requirement under the judgment. Accordingly, the trial court reasonably concluded that the defendant cannot compel performance, under the judgment, by the plaintiff. The trial court therefore properly denied the defendant's motion to compel, for contempt and for modification.

The defendant also claims that the trial court improperly held him in contempt for failing to pay the plaintiff $40,000 as he was required to do under the May, 1989 ruling of the court. Our role in reviewing a contempt order is very limited. " '[I]n an appeal from a judgment of civil contempt, "our review is technically limited to 'questions of jurisdiction, such as whether the court had authority to impose the judgment inflicted and whether the act or acts for which the penalty was imposed could constitute a contempt.' " ' " *Marcil* v. *Marcil,* 4 Conn. App. 403, 405, 494 A.2d 620 (1985). This limited review precludes an attack on the validity of the underlying

order, including an attack on its constitutionality. *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 192 Conn. 1, 3, 469 A.2d 778 (1984).

Although the defendant is precluded from attacking the judgment underlying the contempt order in this case, he asserts that the court improperly found him in contempt because he cannot raise the $40,000 to pay the plaintiff without selling the St. Thomas property. Although "[t]he inability of a party to obey an order of the court, without fault on his part, is a good defense to the charge of contempt"; *Mallory* v. *Mallory,* 207 Conn. 48, 57, 539 A.2d 995 (1988); the defendant has not established that he cannot comply with the order of the court.

The judgment is affirmed.

In this opinion the other judges concurred.