[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #126
The plaintiff, Middlesex Mutual Assurance Co., brings this action to recover for property damage sustained by its insured, which was allegedly caused by a malfunctioning oil-burning furnace located on the insured's premises. Named as defendants are Lennox Industries, Inc. (Lennox), the manufacturer of the furnace, and Kaufman Fuel Co. (Kaufman), an entity that contracted with the plaintiff's insured to perform maintenance services on the furnace.
The plaintiff alleges that on February 9, 1992, the furnace malfunctioned and caused soot and smoke to be pumped into its insured's premises. The plaintiff alleges that as a result of the malfunctioning furnace it incurred liability pursuant to a contract of insurance covering the insured's premises.
In the first count of the revised complaint the plaintiff asserts a claim against Lennox pursuant to the Product Liability Act. In the second count the plaintiff alleges that Kaufman breached its service contract with the insured by failing to service the furnace. In the third count the plaintiff alleges that Kaufman was negligent in that it improperly and inadequately maintained the furnace.
On July 31, 1995, Kaufman filed a motion for summary judgment (#126) on the second and third counts of the revised complaint, supported by a memorandum of law, an affidavit, requests for admissions and other documentary evidence. On September 8, 1995, the plaintiff filed a memorandum in opposition and documentary evidence.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Johnson v. Meehan, 225 Conn. 528, 535,626 A.2d 244 (1993).
Kaufman moves for summary judgment on the plaintiff's negligence claim (third count) on the ground that it did not owe a CT Page 11545 duty of care to the plaintiff's insured and on the ground that the statute of limitations, General Statutes § 52-584, bars the plaintiff's claim.
General Statutes § 52-584 provides in pertinent part that:
 No action to recover damages for injury . . . to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . .
The limitations period begins to run when the defendant's tortious conduct occurs and not the date when the plaintiff first sustains the injury. Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170,173, 127 A.2d 814 (1956). An action is commenced on the date that the writ and summons are served on the defendant. Valley CableVision, Inc. v. Public Utilities Commission, 175 Conn. 30, 33,392 A.2d 485 (1978).
In the present case the action was commenced on February 7, 1994. Kaufman argues that the last date that it provided services to the plaintiff's insured was December 28, 1990. (See Kaufman's exhibits C, D and E.) Kaufman contends that the last date that it could have committed a negligent act was December 28, 1990, as the plaintiff's insured never requested service from Kaufman after that date (and despite the fact that the plaintiff's insured renewed the service contract in 1991 and 1992). Thus, Kaufman contends that the plaintiff's negligence claim is time-barred because it was brought three years and two months after the last act or omission could have occurred.
Nevertheless, the plaintiff contends that Kaufman failed to inspect the furnace upon the 1991 and 1992 renewals of the service contract and these negligent omissions on the part of Kaufman occurred within the statute of limitations period. In response, Kaufman argues that it did not have a duty to inspect the furnace upon each renewal of the contract and that it did not have a duty to inspect for cracks in the "heat exchanger" portion of the furnace, the malfunction which allegedly caused damage to the insured's premises. CT Page 11546
"The existence of a duty of care is an essential element of negligence. A duty to use care may arise from a contract . . . ."Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 620
(1982). "Negligence cannot be predicated upon the failure to perform an act which the actor was under no duty or obligation to perform." Behlman v. Universal Travel Agency, 4 Conn. App. 688,691, 496 A.2d 241 (1985).
The parties have submitted a copy of the service contract in question as an exhibit to their respective memorandums of law. The "terms and conditions" section of the contract further provides:
 Annual Maintenance: After receipt of your annual invoice, please contact us to make an appointment for a regular service call. . . . There is no additional charge for this maintenance visit which is done one time during the contract period. We ask that this important call be made within thirty days after receipt of your statement. . . .
In the supporting affidavit, Kaufman's vice president attests that the insured did not contact Kaufman to schedule a service call at any time subsequent to December 28, 1990 (¶ 11), and that Kaufman did not service the insured's furnace between January 1, 1992 and February 10, 1992 (¶ 12). The insured's premises was allegedly damaged by a malfunctioning furnace on February 9, 1992. Under the "annual maintenance" clause, in the absence of a call from the homeowner to schedule an annual maintenance visit, Kaufman does not have a duty to service or inspect the homeowner's furnace. The court also notes that under the terms of the contract Kaufman does not have a duty to inspect the "heat exchanger" because this part of the furnace is expressly excluded from the oil burner parts that it was obligated to service and inspect.
Nevertheless, the plaintiff contends that the contract provides for a pre-inspection by Kaufman and that Kaufman should have conducted such an inspection upon the renewal of the contract in 1991 and 1992. The plaintiff contends that Kaufman's failure to conduct inspections in 1991 and 1992 constitutes a negligent omission which occurred within the limitations period.
The service contract provides in pertinent part that: CT Page 11547
 Pre-Inspection: Your heating system should be in satisfactory operating condition before your Kaufman Fuel Protection Plan becomes effective. A licensed service technician may visit your home (at no charge to you) to inspect and test your heating system to be sure it qualifies for coverage. If your heating system does not conform to Kaufman's minimum standards, we would be pleased to rehabilitate it for you. This service will be charged at regular prices for parts and labor.
The pre-inspection clause in the present case does not mandate that Kaufman perform an inspection before it either enters into or renews a service contract with a homeowner, nor is there any other language in the contract that provides for an inspection to occur automatically upon the making or renewal of the service contract. Such an inspection, whether performed in conjunction with a new contract or performed in conjunction with the renewal of an existing contract, is at Kaufman's discretion.
In this case, Kaufman's discretionary decision not to inspect the furnace in question, either prior to renewal or upon renewal of the service contract, may constitute a negligent omission on the part of Kaufman. Therefore, the court concludes that Kaufman has failed to carry its evidentiary burden with respect to the plaintiff's negligence claim. Accordingly, the court denies Kaufman's motion for summary judgment on the ground that there is a genuine issue of material fact with respect to whether Kaufman was negligent in not inspecting the furnace upon renewal of the contract in 1991 and 1992.
Kaufman also moves for summary judgment on the plaintiff's breach of contract claim (second count). In the second count, the plaintiff alleges that Kaufman breached the service contract by failing to discover the cracked "heat exchanger," and by not automatically conducting an inspection of the furnace in conjunction with the renewal of the service contract.
Under the terms of the service contract the part known as a "heat exchanger" is expressly excluded from the list of "protected oil burner parts" that Kaufman is obligated to service and inspect. Furthermore, under the terms of the service contract Kaufman is not automatically bound to conduct an inspection (or "pre-inspection") upon the renewal of the service contract. As previously stated CT Page 11548 such an inspection is at Kaufman's discretion unless the homeowner called Kaufman and scheduled an annual maintenance visit. Thus, Kaufman could not have breached the service contract by either failing to inspect the heat exchanger or by not automatically performing an inspection in conjunction with the renewal of the service contract.
The court must next determine whether Kaufman could have breached the contract by not performing an annual maintenance visit to the insured's premises. "A condition precedent is a fact or event that must exist or take place before there is a right to performance. The nonoccurrence of such a condition pends the obligor's duty to perform on the ground that it is not due as long as the condition has not occurred." Zivic v. Zivic, 26 Conn. App. 5,9, 596 A.2d 475 (1991). In the present case, the homeowner's request for an annual maintenance visit is a condition precedent to Kaufman's duty to perform under the service contract.
The uncontradicted evidence presented in the present case demonstrates that the last maintenance requested by the plaintiff's insured occurred on December 28, 1990, and that the plaintiff's insured did not exercise his contractual right to request a maintenance visit from Kaufman in 1991 or early 1992 (i.e., prior to the February 9, 1992 incident). The evidence reflects that Kaufman was called on February 10, 1992, the day after the furnace allegedly caused damage to the insured's premises. The evidence submitted by Kaufman demonstrates that it did not breach the service contract. The court notes that the plaintiff has failed to produce evidence to substantiate its breach of contract claim or any other evidence which raises a genuine issue of material fact.
Accordingly, the court finds that there is no genuine issue of material fact and that summary judgment may enter in favor of Kaufman on the second count of the plaintiff's complaint.
BALLEN, JUDGE