[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court pursuant to Section 46b-231 (n) Connecticut General Statutes as an appeal from a decision of the Family Support Magistrate dated December 6, 2002.
The court, having reviewed the file, including transcripts of the proceedings before the Family Support Magistrate on December 6, 2002, and having considered the oral argument of the parties, as well as the Motion to Dismiss the Appeal dated February 10, 2003, and the supporting Memorandum of Law, hereby finds as follows.
1. That substantial rights of the appellant were prejudiced during the hearing before the Family Support Magistrate, in that the decision was arbitrary and a clearly unwarranted exercise of discretion in that:
 A. A finding of contempt, including an order of incarceration, which was stayed on the sole condition that the appellant pay a lump sum in the amount of $525.00 on or before December 13, 2002, was made without a full hearing and consideration of any credible evidence of the appellant's ability to pay the existing orders of the court and whether or not his failure to pay in accordance with said orders was willful and without good cause.
 B. The Family Support Magistrate failed to consider any credible evidence of the appellant's ability to pay a lump sum, inter alia, to review his financial affidavit, prior to entering its order to pay a lump sum of $525.00 or face incarceration, despite the efforts of his counsel to do so. The "inability of a party to obey an order of the Court, without fault on his part, is a good defense [to contempt]." Zivic v. Zivic, 26 Conn. App. 7, 10 (1991).
2. That the appellant has filed a timely appeal from a final decision of the Family Support Magistrate. The court distinguishes the facts of this case from those of Perry v. Perry, 222 Conn. 799, 804 (1992). In the CT Page 2260 earlier case, no order of incarceration was made at the time of the finding of contempt, and, in the words of the majority of the court, "because no sanction or punishment had yet been imposed . . ., therefore, there had been no final judgment disposing of the matter." In the present case, the appellant clearly faced incarceration, execution of which was stayed one week in order to give him an opportunity to pay a lump sum purge amount, which his counsel unsuccessfully attempted to offer testimony or evidence of her client's inability to comply. The clear consequences flowing from the finding of contempt and of his failure to pay the purge amount was jail.[1] Under the circumstances, this court believes that it would be an egregious violation of the rights guaranteed to all citizens by the United States Constitution and that of the State of Connecticut, to hold that a litigant, as part of his defense of a motion for contempt, should be able to test the denial of his right to offer testimony as to his ability to obey a court order, only at the expense of an even more fundamental right, that of his personal liberty. For if the State's position is to be taken to its logical limit, a litigant could never freely challenge the finding of contempt and/or an order for a lump sum payment, except from his jail cell, thus compounding his problems, by risking a further finding of contempt for failure to obey the lump sum purge order.
THEREFORE, IT IS HEREBY ORDERED THAT:
The decision of the Family Support Magistrate is HEREBY OVERRULED and the finding of contempt is HEREBY VACATED. The matter is remanded to the Family Support Magistrate for further proceedings consistent with this Memorandum of Decision, and that no costs are taxed to either party. The Family Support Magistrate is specifically directed to take evidence of the appellant's current ability to pay the existing arrearage order and any lump sums as may be ordered by the court. The court hereby makes no order affecting the current balance of either arrearage, they having previously been determined. The Motion to Dismiss is HEREBY DENIED.
 THE COURT
Shay, J.