## GERILYN M. REININGER *v.* ROBERT E. REININGER

Superior Court, Judicial District of New London
File No. FA-89-0511224S

Memorandum filed January 6, 2005

*Dominic Piacenza*, for the plaintiff.

*Gould, Larson, Bennet, Wells & McDonnell,* for the defendant.

SWIENTON, J. The present matter comes before this court by virtue of a motion for contempt and a motion for modification, postjudgment, both filed by the plaintiff, Gerilyn M. Reininger. The marriage of the parties was dissolved by decree on March 29, 1990. There is one child of the marriage, Aaron, who became eighteen years of age on May 31, 2004, and graduated from high school in June, 2004. He is currently enrolled full-time at an accredited college, the University of Connecticut in Storrs.

On July 23, 2004, the plaintiff filed a motion for contempt, alleging that Robert E. Reininger, the defendant, had ceased making *child support* payments as of June, 2004. The hearing was continued on several occasions to October 12, 2004, due to the defendant's unavailability, as he resides in Colorado. At the beginning of the hearing, the parties brought to the court's attention a motion for modification that had been filed by the plaintiff, dated October 7, 2004, which had also been calendared for hearing for October 12, 2004, but had not reached the court's file. The defendant's attorney orally moved the court to dismiss the motion for modification based on the court's lack of jurisdiction, and the parties agreed that the court, in addition to hearing the motion for contempt, would hear legal argument on the motion for modification.[1]

The dispute of the parties stems from their different interpretations as to the cessation of child support payments on behalf of Aaron. The plaintiff contends that the *child support* payments are to continue past the age of majority so long as the minor child is a full-time

[1] Counsel for both parties agreed that the court could hear the motion for modification as long as it allowed two weeks for the filing of briefs, which the court agreed to, but no briefs were filed.

student at an accredited university up to the age of twenty-three. The defendant's position is that the child support ceased when Aaron graduated from high school, as he had become eighteen years of age. Thus, the plaintiff alleges in her motion for contempt that, inter alia, the defendant has failed to pay *child support* for the minor child as per the stipulation of the parties in their separation agreement.[2]

The separation agreement provided for child support, in part, as follows: "6. Child Support. The [defendant] agrees to pay the sum of $600.00 per month for the support of said minor child by way of military allotment for 18 months. After 18 months it shall increase to $650.00/month."

The separation agreement, in a separate paragraph entitled "7. Education of the Child," provided: "(a) The [defendant] further agrees to continue support payments for said minor child beyond the age of majority of eighteen (18) years so long as the minor child is a full-time student. *In addition*, the parties agree to pay on a proportionate basis for tuition and room and board at an accredited university so long as the child is less than the age of twenty-three (23) years." (Emphasis added.)

The judgment in the file reads as follows: "By agreement, it is also ordered that the [d]efendant agrees to continue support payments for said minor child beyond the age of majority of eighteen (18) years so long as the minor child is a full-time student and less than [twenty-three] years of age."

To complicate the issue further, there was also a modification to the original judgment. In particular, on July 20, 1992, addressing a motion to modify filed by

---

[2] The motion for contempt also stated that the defendant had failed to pay his proportionate share of educational costs and failed to carry life insurance for the benefit of the minor child. Those issues were resolved by agreement.

the plaintiff and one filed by the defendant, the parties stipulated and agreed in writing: *"Child Support* shall be modified effective September 30, 1991 to the sum of $825.00 per month. This shall be payable by a monthly allotment of $650.00 paid by the [d]efendant directly to the [p]laintiff and a further $175.00 per month that shall be credited toward the payment of a certain mortgage owed by the [p]laintiff to the [d]efendant in the principal amount of $18,329.60, as ordered by the Superior Court on page five of the [j]udgment of [d]issolution, dated March 29, 1990." (Emphasis added.) The stipulation went on to state that the parties acknowledged that "due to the financial circumstances of each party that the child support guidelines [were] found to be inapplicable."

Thus, the two issues for the court to address are: (1) does the defendant have an obligation to continue with the *child support* payments past the child's age of majority so long as he is a full-time student and less than twenty-three years of age in addition to college expenses, and, if so, what is that obligation; and (2) if there is, in fact, an obligation to continue with *child support* payments, does the court have jurisdiction to modify a postmajority support order?

When a judgment incorporates a separation agreement in accordance with a stipulation of the parties, it is to be regarded and construed as a contract. *Barnard* v. *Barnard*, 214 Conn. 99, 109, 570 A.2d 690 (1990); *Zivic* v. *Zivic*, 26 Conn. App. 5, 7, 596 A.2d 475 (1991); *Albrecht* v. *Albrecht*, 19 Conn. App. 146, 152, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989). Construction of such an agreement is an issue of fact to be resolved by the trial court as the trier of fact.

In giving meaning to the terms of a contract, the court should construe the agreement as a whole, and its relevant provisions are to be considered together.

*Barnard* v. *Barnard,* supra, 214 Conn. 109; 17A Am. Jur. 2d 353, Contracts § 367 (2004). The contract must be construed to give effect to the intent of the contracting parties. *Barnard* v. *Barnard,* supra, 109; *Sturman* v. *Socha,* 191 Conn. 1, 10, 463 A.2d 527 (1983). "This intent must be determined from the language of the instrument and not from any intention either of the parties may have secretly entertained." *Sweeny* v. *Sweeny,* 9 Conn. App. 498, 501, 519 A.2d 1237 (1987).

The separation agreement spelled out the amount of child support to be awarded and went on to provide in the education paragraph that the defendant "further agrees to continue support payments for said minor child beyond the age of majority of eighteen (18) years so long as the minor child is a full-time student." The judgment of the court elaborated on this and provided that the support payment would continue beyond the age of majority of eighteen so long as the minor child is a full-time student *"and less than [twenty-three] years of age."* (Emphasis added.)

Because there appears to be a conflict between the language of the separation agreement and the language in the judgment, the court then examined the transcript of the dissolution hearing to see whether the parties testified as to their intent regarding this issue. The defendant, at the time of the hearing for the dissolution, was represented by counsel and, from the transcript of the hearing in the court file, was in attendance. During questioning of the plaintiff, her attorney asked:

"Q. And [the defendant] to pay the sum of $600 per month support for the minor child?

"A. Yes.

"Q. And we're asking for monthly orders because he's in the military, and we will be seeking and have been

seeking a military allotment. Is that why you want it monthly?

"A. Yes.

"Q. Okay. At the end of eighteen months that $600 will increase to $650?

"A. Yes.

"Q. Is he further to maintain medical insurance for the minor child and to be responsible for all uninsured or uncovered medical expenditures, including orthodontia, optical and prescriptions?

"A. Yes.

"Q. Has he also agreed to maintain life insurance on his life for $50,000, naming the child as the irrevocable beneficiary [and] you as the trustee?

"A. Yes.

"Q. *Has [the defendant] further agreed to maintain support for the minor child, Aaron, beyond the age of majority as long as he's a full-time student in an accredited college and he's less than twenty-three years of age?*

"A. *Yes.*

"Q. *And have you two agreed that you two shall share the expenses of the tuition and boarding, and fees, lab fees and books in the same ratio as your incomes, for purposes [of the] Internal Revenue Service?*

"A. *Yes.*" (Emphasis added.)

Although the defendant did not recall his attendance at the dissolution, the transcript reveals that he was in fact there, as he was asked certain questions both by the court and his attorney—none of which dealt with the issue at hand. The court, *Vasington, J.*, ordered that "the separation agreement dated March 29, 1989,

which sets forth the parties' agreement as to custody, support, alimony, divisions of the property [and other matters] is incorporated into and made part of the agreement and divorce and made part of the dissolution agreement."[3]

At the hearing on the pending motions, the defendant testified that he believed that the *child support* payments would cease upon Aaron's eighteenth birthday, once he graduated from high school. He elaborated that it was not his intent to agree to continue with *child support* payments as well as provide a proportionate share of the tuition, room and board for college. The court would be inclined to agree with the defendant that he believed the *child support* payments would end upon Aaron's graduation from high school; however, the transcript reveals that there was specific questioning of the plaintiff as to this issue and that the defendant, through his attorney, could have clarified any ambiguity as to this issue.

Having determined that the *child support* payments are to continue postmajority as long as Aaron is enrolled as a full-time student in an accredited college and is younger than twenty-three years of age, the court needs to determine the amount of the support payments. The separation agreement provided that the child support payments be in the amount of $650 per month. The parties entered a written stipulation dated July 20, 1992, and filed with the court on October 13, 1992, after both parties filed motions to modify the judgment. The stipulation provided for a modification of the *child support* payments to $825 per month. Again, there was an acknowledgment that the child support guidelines were found to be inapplicable. The support payments would be payable by a monthly allotment of $650 paid by the

[3] The court was corrected by the defendant's counsel that the date of the agreement was March 29, 1990.

defendant directly to the plaintiff and a further $175 per month would be credited toward the payment of a certain mortgage owed by the plaintiff to the defendant as provided for in the original judgment.

At the time of the judgment and the stipulation of the modification to the judgment, the jurisdiction of the Superior Court to make orders of child support pursuant to General Statutes § 46b-56 extended only to minor children. Prior to the enactment of Public Acts 1977, No. 77-488, § 1, amending General Statutes § 46b-66, the Superior Court lacked the power to enforce postmajority support orders through contempt proceedings, even when the parties had stipulated to such an order. *Kennedy* v. *Kennedy*, 177 Conn. 47, 49–50, 411 A.2d 25 (1979).

"[Section] 46b-66, governing the incorporation of agreements into degrees of dissolution, was amended [in 1977] to provide that '[i]f the agreement is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree. . . .' 'The purpose of the amendment was to ensure that a written agreement involving support for adult children and submitted to the court by the parties in connection with an action for a dissolution of marriage could be incorporated into the judgment or orders of the court, thereby making such orders enforceable through contempt proceedings.' " (Citation omitted.) *Albrecht* v. *Albrecht*, supra, 19 Conn. App. 154; *Arseniadis* v. *Arseniadis*, 2 Conn. App. 239, 244, 477 A.2d 152 (1984). "Thus, pursuant to § 46b-66, as amended, written agreements for the support of adult children may be incorporated by reference into the dissolution decree or may be the subject of orders of the court and are

enforceable through contempt proceedings." *Albrecht* v. *Albrecht*, supra, 154–55.

The cases are in agreement that postmajority support cannot be modified by the court absent an express written agreement to do so. In the present case, the parties' separation agreement did not provide any provision authorizing the modification of the postmajority support. Although the parties stipulated in 1992 to increase the child support payment, they made no reference whatsoever to modifying the provisions of paragraph seven, which called for support while the child was in college. It is clear that the defendant never agreed to that modification of postmajority support payments. Absent his agreement, the court is without power to alter his obligation pursuant to paragraph seven of the separation agreement. Accordingly, the defendant's obligation, as he undertook it in 1990 and which was ordered by the court, is still in existence. Thus, the defendant owes the plaintiff $650 monthly in child support payments commencing July 1, 2004, and continuing until such time as Aaron is a full-time student at an accredited college and less than twenty-three years of age.

Having determined there exists an obligation to continue with child support payments, the final question is whether this court has the jurisdiction to modify a postmajority support order as requested in the plaintiff's motion to modify.[4]

"A parent's obligation to support his or her children exists only until the age of majority. General Statutes § 46b-84. The court cannot, without the consent of both parents, alter a voluntary obligation undertaken by a

---

[4] At the hearing, the defendant argued that the court did not have jurisdiction to hear the motion for modification. The court has jurisdiction over the plaintiff's motion for modification of postmajority support; the question is, in fact, whether the court has authority to act on the motion pursuant to § 46b-66. See *Fusco* v. *Fusco*, 266 Conn. 649, 835 A.2d 6 (2003).

parent beyond his or her legal obligation. . . . To accept the plaintiff's contention that the trial court has jurisdiction to modify postmajority child support agreements pursuant to [General Statutes] § 46b-86[5] would be to conclude that the trial court has greater power during a modification proceeding than it had during the original dissolution proceeding." (Citations omitted.) *Albrecht* v. *Albrecht*, supra, 19 Conn. App. 157.

Absent a written agreement of the parties, the court is without authority to enter a modification of a postmajority support order. The motion for modification is, therefore, denied.

Although it seems extraordinarily inequitable to compel the defendant to pay "child support" to the plaintiff in addition to paying a proportionate share of the educational expenses, that would appear to be the clear meaning of the agreement entered. Although not satisfied with this inequitable result, the plaintiff sought to modify the child support component to have the payments to her *increased.* Unfortunately for the defendant, postmajority support payments are only modified when there is a written agreement of the parties. There is no such agreement here.

In light of the defendant's clear belief that he was not obligated to pay child support to the plaintiff upon their son's graduation from high school after his eighteenth birthday, the court will not find him in wilful contempt. Nevertheless, an arrearage in the amount of $4550 has accrued that he shall pay in the amount of $50 per month in addition to his payment of $650 until paid in full.

---

[5] General Statutes § 46b-86 provides for modification of alimony or support orders and judgments.